**R & R SERVICES, INC., Plaintiff,**

v.

**MO–ARK TOWING COMPANY, INC., Defendant.**

**Bankruptcy No. 83–0368A(3).
Complaint No. 83–0286(3).**

United States Bankruptcy Court,
E.D. Missouri, E.D.

July 25, 1983.

 

Simon Tonkin, St. Louis, Mo., for plaintiff R & R Services, Inc.

Dan H. Ball, St. Louis, Mo., for defendant Mo-Ark Towing Co., Inc.

## MEMORANDUM

JAMES J. BARTA, Bankruptcy Judge.

This matter is before the Court upon the motion of R & R Services, Inc. (plaintiff) for withdrawal of the reference of plaintiff's complaint to the Bankruptcy Court. The complaint had been filed originally in the United States District Court for the Eastern District of Missouri on February 17, 1983. On May 31, 1983, the District Court referred the case and all pending motions to this Court pursuant to Section (d)(3)(B) of the Rule for the Administration of the Bankruptcy System in the Eastern District of Missouri (hereinafter, the District Court Rule). The following findings and conclusions of the Bankruptcy Court are based upon the plaintiff's motion and suggestions in support thereof, and the pleadings as received from the District Court. The debtor did not file a response to the motion to withdraw reference. The headings herein refer to plaintiff's arguments in its suggestions.

## RELATED PROCEEDINGS

Although plaintiff's original complaint is based upon an admiralty and maritime claim, the fact that the defendant is a debtor-in-possession under Title 11 brings the matter within the broad scope of "all civil proceedings arising under Title 11 or arising in or related to cases under Title 11." 28 U.S.C. § 1471(b); Section (c)(1), District Court Rule. Therefore, jurisdiction to hear this civil proceeding in the Bankruptcy case resides in the District Court wherein the suit was filed. Although the District Court Rule provides for automatic reference of this civil proceeding to the Bankruptcy Court, the nature of the proceeding and the parties' motions necessitated certain findings and conclusions by the District Court. Those procedural questions which are now presented in plaintiff's motion for with-

drawal of reference were considered and rejected by the District Court in its order which referred the case to the Bankruptcy Court. Therefore, this Court must find that had this civil proceeding been automatically referred to the Bankruptcy Court, and had motion for withdrawal been presented to the District Court, the District Court would have referred the entire matter back to this Court, consistent with its findings as set out in the order of reference. Section (c)(2), District Court Rule. Such a reconsideration of the order of reference is not anticipated by the District Court Rule and would be unnecessarily redundant and burdensome.

## AUTOMATIC STAY

■ The automatic stay of 11 U.S.C. § 362 operates as a stay applicable to certain proceedings which could have been commenced before the commencement of the bankruptcy case. The record here indicates that plaintiff's cause of action did not arise until after the Bankruptcy petition had been filed, and during the pendency of the Chapter 11 reorganization case. Therefore, the automatic stay does not operate to prevent this plaintiff from filing suit against this debtor in the appropriate non-Bankruptcy Court, to attempt to recover damages resulting from post-petition activities.

■ A Chapter 11 debtor, however, is not without certain protections under the federal law in those circumstances where he is sued for post-petition actions. Upon a proper request, the Bankruptcy Court may enjoin the non-bankruptcy court action on a case-by-case basis [11 U.S.C. § 105; *Sherr v. Winkler,* 552 F.2d 1367 (10th Cir.1977); *Matter of Campbell,* 13 B.R. 974 (Bkrtcy. Idaho 1981)]; remove the entire matter to the Bankruptcy Court (Rule 7004, Rules of Bankruptcy Procedure for the Eastern District of Missouri); or, when jurisdiction is otherwise proper, permit the non-bankruptcy court action to proceed with little or no restriction from the Bankruptcy proceeding. *Barton v. Barbour,* 104 U.S. 126, 26 L.Ed. 672 (1881); 28 U.S.C. § 959(a).

Generally, the Bankruptcy Courts have not interfered with non-bankruptcy court actions against a reorganizing debtor or operating trustee if the cause of action is intended to redress a tort allegedly committed in furtherance of the debtor's business, if the action is not cast to foster interference with the use, control, maintenance and operation of the debtor's property. *In re American Associated Systems, Inc.,* 373 F.Supp. 977 (E.D.Ky.1974).

Therefore, the plaintiff has the ability to bring this admiralty suit against the debtor or an operating trustee in an appropriate nonbankruptcy court. In this situation the plaintiff's choice of forum in the District Court has produced concurrent jurisdiction in both admiralty and bankruptcy. The debtor having now interposed the suggestion of bankruptcy, the District Court, under its bankruptcy jurisdiction, may take such action as is appropriate in the circumstances. By its order of May 31, 1983, the District Court has found that the matter should continue as a related proceeding in the Bankruptcy Court. This suit is not stayed by 11 U.S.C. § 362, and the record contains no other basis upon which the Court may direct a special stay of these proceedings.

### 28 U.S.C. § 1473(e)

■ As noted above, the plaintiff's suit may have been brought in either the appropriate nonbankruptcy court, or in the Bankruptcy Court for the District where the nonbankruptcy action could have been brought, or in the Bankruptcy Court where the bankruptcy case is pending. Section 1473(e) does not deprive this Court of jurisdiction to hear this case, but merely offers a choice under certain circumstances.

## INSURANCE COVERING PLAINTIFF'S CLAIM

■ Plaintiff's reference to the possibility that insurance coverage may be available in this matter does not deprive the Bankruptcy Court of jurisdiction. The final judgment or dispositive order in a related proceeding must be entered by the District

Court after submission of findings and conclusions by the Bankruptcy Court after trial on the merits. Section (d)(3)(B), District Court Rule.

## CONSTITUTIONAL AUTHORITY OF THE BANKRUPTCY COURT

■ The question of the Bankruptcy Court's jurisdiction to hear the type of case presented here has recently been determined in this Circuit. In *The First National Bank of Tekamah, Nebraska v. Hansen,* 702 F.2d 728 (8th Cir.1983), cert. denied, —— U.S. ——, 103 S.Ct. 3539, 77 L.Ed.2d 1389, 1983, the Court found that the Supreme Court did not invalidate 28 U.S.C. § 1471(a) and (b); and that a local Nebraska District Court Rule, which is almost identical to the rule in this District, was constitutional and valid. Therefore, the District Court for the Eastern District of Missouri enjoys jurisdiction both to refer this matter to the Bankruptcy Court and to determine that it is a related proceeding.

### EXCEPTIONAL CIRCUMSTANCE

■ The criteria for referral of a civil proceeding by the District Court to the Bankruptcy Court are not specifically set out in the District Court Rule. Although plaintiff here has suggested that recent cases have permitted referral when exceptional circumstances were found to exist, such a finding is not a condition precedent to referral. In some jurisdictions the mere fact that one of the parties to a lawsuit has filed a petition in a Title 11 proceeding may be a sufficient basis for referral by the District Court.

As a result of these findings and conclusions to the effect that the District Court has previously considered the issues raised in plaintiff's motion, this Court's order denying said motion is neither a judgment nor a dispositive order, and therefore will not be to the District Judge.

IT IS ORDERED that consistent with the findings and conclusions listed hereon, the plaintiff's motion for withdrawal of reference is DENIED.