**MOHAWK INDUSTRIES, INC.,**
**Plaintiff/Debtor,**

**v.**

**ROBINSON INDUSTRIES, INC., d/b/a**
**American Robin, Defendant.**

Adv. No. 4–84–0096.

United States District Court,
D. Massachusetts.

Jan. 10, 1985.

Jeffrey A. Schreiber, Burns & Levinson, Boston, Mass., for defendant.

Joseph H. Reinhardt, Hendel, Collins & Stocks, P.C., Springfield, Mass., for plaintiff/debtor.

## MEMORANDUM

FREEDMAN, District Judge.

This matter is before me on plaintiff/debtor Mohawk Industries' motion for referral to the bankruptcy court. Defendant Robinson Industries opposes debtor's motion. Because I find that debtor's action against defendant is not a "core" proceeding within the meaning of § 157(b) of the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("1984 Act"), 28 U.S.C., § 157(b), and because the parties have demanded a jury trial, I must deny debtor's motion for referral.

Debtor was under contract to supply the United States Department of Defense with some small general purpose tents. Defendant furnished debtor with the zippers for these tents and allegedly warranted their conformance with federal specifications. However, when federal officials received debtor's tents, they claimed that the zippers did not conform to federal specifications and that the tents were therefore unacceptable. As a result, debtor was forced to accept a lower purchase price from the federal government for its tents. Debtor sued defendant in the bankruptcy court for breach of express and implied warranties. The bankruptcy court transferred the case, *sua sponte*, to this Court for a determination of the appropriate forum for hearing the case.

Under the 1984 Act the bankruptcy judge may "hear and determine" all "core proceedings" in bankruptcy cases. 28 U.S.C. § 157(b)(1). However, for "non-core proceedings," the district judge must have the final say, and the bankruptcy judge may only submit proposed findings of fact and conclusions of law to the district judge, who then must review *de novo* any matters to which a party has timely and specifically objected. *Id.* § 157(c)(1). This arrangement, which is similar to the balance of power between United States magistrates and United States district judges in 28 U.S.C. § 636(b)(1), is a direct response to the Supreme Court's conclusion in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), that the former bankruptcy law—the 1978 Act—was unconstitutional in that it allowed the bankruptcy judges, who are Article I judges, to adjudicate cases to which the Article III power might also extend. In *Northern Pipeline*, at issue were the classic state causes of action breach of contract and warranty, misrepresentation, coercion and duress. The 1984 Act attempts to pass constitutional muster in part by making the district judge the final arbiter over these kinds of cases. The core/non-core classification is part of this attempt.

Thus, the question in this case is whether debtor's breach of warranty claim against defendant is a core or non-core proceeding. Debtor tries to argue that its breach of warranty claim comes within the letter of a core proceeding as described in 28 U.S.C. § 157(b)(2)(*O* ):

> Core proceedings include, but are not limited to—
>
> .        .        .        .        .
>
> (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

It is true that debtor's breach of warranty claim can be thought of as a proceeding "affecting the liquidation of the assets of the estate" because if debtor prevails the estate will have more assets to distribute to its creditors. It is also true that, because defendant has asserted a right of set-off against the debtor, this case can be thought of as involving the "adjustment of

the debtor-creditor ... relationship." However, a close reading of *Northern Pipeline* which also involved a debtor's breach of warranty claim, shows that such an interpretation would be unconstitutional because it would result in an Article I court finally adjudicating rights that are traditionally cognizable in Article III courts. *See In re Atlas Automation, Inc.*, 42 B.R. 246, 247 (Bankr.E.D.Mich.1984).

Debtor further argues that defendant, by asserting an affirmative defense of set-off has submitted to the jurisdiction of the bankruptcy court. Debtor cites no authority for this proposition, however. The provisions for a bankruptcy judge's hearing and determining non-core proceedings are at 28 U.S.C. § 157(c)(2). Clearly the defendant has not consented, within the meaning of this subsection, to have this case heard and determined in the bankruptcy court.

■ Because this is a non-core proceeding, the Court could refer the matter to the bankruptcy court for proposed findings of fact and conclusions of law. However, because both parties have demanded a jury trial, this course would not be wise. Assuming that the bankruptcy court still has the power to conduct jury trials in these kinds of cases (a matter on which the Court expresses no opinion), the *de novo* review required by 28 U.S.C. § 157(c)(1) would mandate a second jury trial in the district court if either party objected. This result would hardly further the expeditious determination of claims the debtor desires. Thus, debtor's claim should stay in this Court for a jury trial in the first instance.

Debtor's motion for referral to the bankruptcy court is denied. An appropriate Order shall issue.