In re CAPLA OIL & GAS
COMPANY, Debtor.

CAPLA OIL & GAS
COMPANY, Plaintiff,

v.

HIGHT PETROLEUM, INC., John
Hight, Nelson White.

Bankruptcy No. 584–01014–S.
Adv. No. 584–0222.

United States Bankruptcy Court,
W.D. Louisiana,
Shreveport Division.

Jan. 31, 1985.

## MEMORANDUM RULING

LeROY SMALLENBERGER, Bankruptcy Judge.

Capla Oil & Gas Company, hereinafter referred to as "Debtor", filed a Complaint to Enjoin Interference by Defendants with the Estate of the Debtor-in-Possession, on July 23, 1984, against Hight Petroleum, Inc., John Hight and Nelson White, hereinafter referred to collectively as "Defendants". A Temporary Restraining Order was issued, on July 26, 1984, with a hearing on the preliminary injunction set and scheduled to be heard, on August 3, 1984. At the hearing on August 3, 1984, this Honorable Court was informed that an agreement was reached and a Judgment was entered accordingly on September 19, 1984. Said Judgment specifically stated that ownership of the lease was not before the Court and there was no adjudication of same.

On October 18, 1984, Hight Petroleum, Inc., and Tate Bluff, Inc., hereinafter referred to as "Movers", filed a Motion Seeking Declaratory Judgment against the Debtor herein. Essentially, Movers were wishing to have this Court declare the Movers' oil and gas lease valid while at the same time declare Debtor's oil and gas lease invalid. This matter was set for hearing, on December 3, 1984. At said hearing, Debtor orally objected to the exercise of jurisdiction by this Court, as the determination of the validity of said oil and gas lease being a "non-core" matter. Movers counter by stating that the Court did have jurisdiction and wished to continue with their Motion. The matter was taken under advisement with the parties instructed to file briefs in support of their positions. The statutes involved are Title 28 U.S.C.A., Sections 157 and 1334. The basic question revolves around whether or not this proceeding is a "core" proceeding or a "non-core" proceeding. Title 28 U.S.C.A. Section 157(b)(2)(A–O) provides an inclusive listing of what are core proceedings. This Court is of the opinion that Movers' Motion Seeking Declaratory Judgment is not a core proceeding. This opinion is based on the fact that Movers' cause of action arises solely under State Law and will be determined solely under State Statutes. Therefore, this Motion is not a core proceeding, but it is related to a case, under Title 11, as the determination of the validity of Movers' lease may affect or have an impact on the validity of the Debtor's lease. Under Section 157(c)(1) of U.S.C.A., Title 28, a bankruptcy judge has the discretion to hear a proceeding that is not a core proceeding, but that is otherwise related to a case, under Title 11. This Court does not wish to exercise such discretion and believes it to be in the interest of judicial economy and of the parties involved to allow said proceeding to be heard in state court; therefore,

IT IS ORDERED that the Motion Seeking Declaratory Judgment be and is hereby Dismissed for the reasons aforementioned.

IT IS FURTHER ORDERED that the Movers and Debtor herein be allowed to proceed with this matter in a state court proceeding.

IT IS FURTHER ORDERED that the Debtors' oil and gas lease remain within and under the jurisdiction of this Court.