**UNIQUE CATERING, INC., Plaintiff,**

v.

**AMERICAN BROADCASTING COMPANIES, INC., Defendant.**

**No. 85 Civ. 0419 (DNE).**

United States District Court, S.D. New York.

May 20, 1985.

Garman Jaffe & Sonkin, New York City, for plaintiff; Mitchell I. Sonkin, New York City, of counsel.

Hawkins, Delafield & Wood, New York City, for defendant; Philip R. Forlenza, New York City, of counsel.

## MEMORANDUM OPINION AND ORDER

EDELSTEIN, District Judge:

On February 7, 1985, defendant American Broadcasting Companies, Inc. ("ABC") filed with this court an application for removal to the bankruptcy court, pursuant to 28 U.S.C. § 1452, or, in the alternative, for referral to the bankruptcy court, pursuant to 28 U.S.C. § 157(c)(1), for proposed findings of fact and conclusions of law with respect to the complaint herein. For the reasons set forth herein, defendant's appli-

cation, pursuant to 28 U.S.C. 157(a), is granted.[1]

## BACKGROUND

The bankruptcy court proceedings involve the voluntary chapter 11 petition of Robert Landau Associates, Inc. ("RLA"), *in re Robert Landau Associates,* No. 84–B–11275 (EJR) (Bankr.S.D.N.Y. filed Sept. 13, 1984).[2] RLA acted as general contractor for catering services provided to ABC by various companies during the 1984 Summer Olympics in Los Angeles, California. On November 3, 1984, ABC commenced before the Bankruptcy unit of this court an adversary proceeding, seeking, *inter alia,* a declaratory judgment that if ABC makes any payment to third party vendors that rendered catering services through RLA for guests of ABC during the 1984 Summer Olympics, it would not also be liable to RLA's estate. *American Broadcast Companies, Inc. v. Robert Landau Associates, Inc., et al.,* Adv. No. 84–6272A (EJR) (Bankr.S.D.N.Y. filed Nov. 13, 1984).

On January 17, 1985, Unique Catering, Inc. ("Unique") commenced this breach of contract action, alleging that in early 1984, it entered into a contract with ABC to provide catering services to guests of ABC during the 1984 Summer Olympics. Unique further alleges that it provided such services, but ABC has failed to pay the invoice rendered by Unique. On February 6, 1985, ABC filed an answer to the complaint in which it admits that it "has declined to make payment on the invoice until such time as (a) it is determined whether Unique entered into an agreement with ABC to render the services performed by Unique or whether Unique was a subvendor to ... RLA ..., or (b) ABC obtains a judgment declaring that it will incur no liability to the RLA bankruptcy estate or its creditors if it makes payments to per-

---

**1.** 28 U.S.C. § 1452 is inapposite, because Section 1452(a) only authorizes removal of claims related to bankruptcy cases from another court, such as state court, "to the district court for the district where such civil action is pending." 28 U.S.C. § 157 *et seq.* provides ample authority and guidelines for referral by the district court of cases to the bankruptcy court, without having to stretch other provisions of the Bankruptcy Act.

**2.** Judge Ryan's cases have been referred to Bankruptcy Judge Tina L. Brozman.

sons who provided goods or services used by RLA in fulfilling its obligations to ABC in connection with the 1984 Summer Olympics, who have sought payment directly from ABC." Answer at ¶ 9.

## DISCUSSION

ABC's application for removal or referral is based on its contention that "[p]ending determination by the bankruptcy court that the estate and its creditors have no interest in or claim with respect to payments made by ABC to such parties, ABC is subject to possible duplicative liability to claimants such as Unique seeking payment through the courts directly from ABC." Application for Removal or Referral at ¶ 4. Unique opposes ABC's application, contending that Unique's contract with ABC was not made through RLA, but was made directly between Barry Shapiro, President of Unique, and John Lazarus, former Vice President of ABC.

■ Unique has submitted substantial evidence that the contract was executed directly with ABC. Unique admits, however, that it provided catering services through RLA during the Summer Olympics, albeit for Warner Communications and IBM, and that it provided services for ABC through RLA, albeit in July of 1984 for the Major League Baseball All-Star game in San Francisco, California. Accordingly, there is sufficient factual basis for this court to refer this matter to the bankruptcy court as a case "related" to RLA's chapter 11 proceedings and the adversary proceedings commenced by ABC.

This action does not appear to be a "core proceeding," pursuant to 28 U.S.C. § 157(b)(2), and therefore referral is not appropriate pursuant to 28 U.S.C. §§ 157(b)(1) and 157(c)(2). *See Mohawk Indus., Inc. v. Robinson Indus., Inc.*, 46 B.R. 464, 465–66 (D.Mass.1985). Under 28 U.S.C. § 157(c)(1), a bankruptcy judge may hear a proceeding that is not a "core proceeding," but that is "otherwise related to a case under title 11." When a bankruptcy judge presides over a case pursuant to Section 157(c)(1), "the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court," and the court will make the final determination on the merits.

■ Because of the factual overlap between this case and the pending RLA bankruptcy proceedings, referral is appropriate. Other than its contention that Unique contracted directly with ABC, plaintiff states no reason why this case should not be referred to the bankruptcy court. A finding of exceptional circumstances is not necessary for the court to refer an action to the bankruptcy court. *R & R Services, Inc. v. Mo-Ark Towing Co., Inc.*, 36 B.R. 126 (Bankr.E.D.Mo.1983). Moreover, no timely demand for a jury trial has been filed by either party to this action. *Cf. Mohawk Indus., Inc. v. Robinson Indus., Inc., supra*, 46 B.R. at 466.

## CONCLUSION

This case is referred to Bankruptcy Judge Tina L. Brozman, pursuant to 28 U.S.C. § 157(a), to determine whether this action is related to *in re Robert Landau Associates, Inc.*, No. 84–B–11275 (EJR) (Bankr.S.D.N.Y. filed Sept. 13, 1984), and, if so, to submit to this court proposed findings of fact and conclusions of law after trial on the merits or summary motion with respect to the complaint, pursuant to 28 U.S.C. § 157(c)(1).

SO ORDERED.