**In re NORTHERN DESIGN INC., Debtor.**

**Joseph C. PALMISANO, Esq., Trustee of the Estate of Northern Design, Inc., Plaintiff,**

**v.**

**Stephen L. BRIGGS, Defendant.**

**Bankruptcy No. 84–82.**

**Adv. No. 85–0047.**

United States Bankruptcy Court, D. Vermont.

July 19, 1985.

---

Raymond J. Obuchowski, Barre, Vt., for trustee.

Gregory R. Van Buiten, Sidel & Associates, Waitsfield, Vt., for defendant.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

The matter is before the Court on the Motion of the Trustee under Bankruptcy Code (Code) § 542 for a turnover of property of the estate. The defendant in this adversary proceeding, Stephen L. Briggs (Briggs), has moved to dismiss the Trustee's motion for lack of subject matter jurisdiction in this Court. At issue is whether, under § 542 governing turnover orders the Bankruptcy Court may hear and determine the rights of the parties with respect to work performed and charges billed prepetition by the debtor under a construction contract with the defendant, where, on bankruptcy day, such billed charges of the debtor remained unpaid by the defendant claiming breach of contract for defective workmanship.

## DISCUSSION

United States Code, Title 28, section 157, 28 U.S.C. § 157, provides in relevant part:

(b)(1) Bankruptcy judges may hear and determine ... all core proceedings arising under title 11 ... or arising in a case under title 11 ... (2) Core proceedings include ... (E) orders to turn over property of the estate ... (3) the bankruptcy judge shall determine ... whether a proceeding is a core proceeding ...

(c)(1) A bankruptcy judge may hear a proceeding that is not a core proceeding ... In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

The case *Northern Pipeline Construction Co. v. Marathon Pipe Line Company,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), "at least states that if one of the assets of an estate is a cause of action owned by the debtor at the commencement of the case, a suit filed by the trustee in an attempt to liquidate that asset will not be a core proceeding." Collier on Bankruptcy 1:3.01 at page 3–32 (1985). *See Mohawk Industries, Inc. v. Robinson Industries, Inc.,* 46 B.R. 464, 12 Collier Bankr.Cas.2d 560 (D.Ma.1985); *In re Bokum Resources Corp.,* 49 B.R. 854, 13 Bankr.Ct. Dec. 11 (Bankr.D.N.M.1985); *In re Atlas Automation, Inc.,* 42 B.R. 246 (Bankr.E.D.Mi.1984).

In the instant case, the trustee's contract right to payment under the debtor's construction contract with Briggs constitutes a cause of action owned by the debtor at the commencement of the case. The trustee's § 542 turnover complaint constitutes a suit filed by the trustee in an attempt to liquidate that asset. Such a suit is not a core proceeding. *See* authorities cited *supra.* Under title 28, section 157(c)(1), this court may hear the trustee's turnover complaint, and submit proposed findings of fact and conclusions of law to the District Court. Although this court has jurisdiction to proceed with the hearing under this section it should not do so in view of the defendant's request for a jury trial, which is included in his motion to dismiss. The contract action instituted by the trustee's turnover complaint involves issues triable of right by a jury. Since demand for such a trial has been timely made in accordance with Rule 9015 the defendant's request must be granted.

It would be an exercise in futility for the Bankruptcy Court to conduct a hearing solely for the purpose of submitting proposed findings and conclusions of law to the District Court only to have this hearing followed by a jury trial on the same issues. The District Court is better equipped to conduct such a jury trial. Case law supports the view that such a trial should be conducted by the district court. See *In re Atlas Automation, Inc.* (Bankr.E.D.Mich. S.D.1984), *supra; In re Bokum Resources Corp.* (Bankr.D. New Mexico 1985) *supra,* (Local Rule requires jury trials to be conducted by the district court); *In re Mohawk Industries, Inc.* (U.S. District Court, D.Mass.1985) 12 CBC2d 560.

### ORDER

Now, therefore, upon the foregoing,

IT IS ORDERED:

1. The motion of the defendant, Stephen L. Briggs, to dismiss is DENIED.

2. The defendant shall file an answer to the plaintiff's complaint within 20 days.

3. This adversary proceeding is hereby respectfully transferred to the United States District Court for a jury trial.