In re David A. CRABTREE a/k/a West Knoxville Investment Company, Inc., Debtor.

D. Broward CRAIG, Trustee of David A. Crabtree a/k/a West Knoxville Investment Company, Inc., Plaintiff,

v.

AIR BRAKE CONTROLS, INC. and Unknown John Does, Defendants.

Bankruptcy No. 3–83–01116.
Adv. No. 3–85–1042.

United States Bankruptcy Court,
E.D. Tennessee.

Oct. 30, 1985.

Cadwalader, Wickersham & Taft, Mark C. Ellenberg, Antoinette C. Emery, Washington, D.C., Walker & Walker, P.C., John A. Walker, Jr., Knoxville, Tenn., for plaintiff.

Straske, Farfante, Segall & Arcuri, Raymond C. Farfante, Jr., Tampa, Fla., Parrish & Mulrooney, P.C., Larry E. Parrish, Memphis, Tenn., for defendant Air Brake Controls, Inc.

## MEMORANDUM ON MOTION TO DETERMINE WHETHER PROCEEDING IS A CORE PROCEEDING

CLIVE W. BARE, Bankruptcy Judge.

On June 3, 1985, seeking to enforce a promissory note, the trustee filed his "Complaint For Turnover Of Property Of The Estate." The trustee avers that defendant Air Brake Controls, Inc. is the payor of a promissory note, dated October 8, 1982, in the principal amount of $616,-732.85. The original note is destroyed, lost or misplaced.

Denying liability, in its answer Air Brake asserts a variety of affirmative defenses. The answer recites in part: "This court lacks jurisdiction to adjudicate the claims in the complaint because said claims are not core proceedings, and defendant has not, is not now and does not now intend to consent to adjudication of the claims by this court." Further, Air Brake demands a jury trial in the district court. On September 20, 1985, only three days after filing its answer, Air Brake filed a separate motion asking this court to determine the instant proceeding is a noncore proceeding and to transfer the proceeding to the district court.

### I

Section 157 of Title 28 of the United States Code enacts in part:

*Procedures*

(a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

(2) Core proceedings include, but are not limited to—

(A) matters concerning the administration of the estate;

(B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interest for the purpose of confirming a plan under chapter 11 or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;

(C) counterclaims by the estate against persons filing claims against the estate;

(D) orders in respect to obtaining credit;

(E) orders to turn over property of the estate;

(F) proceedings to determine, avoid, or recover preferences;

(G) motions to terminate, annul or modify the automatic stay;

(H) proceedings to determine, avoid, or recover fraudulent conveyances;

(I) determinations as to the dischargeability of particular debts;

(J) objections to discharges;

(K) determination of the validity, extent, or priority of liens;

(L) confirmations of plans;

(M) orders approving the use or lease of property, including the use of cash collateral;

(N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate; and

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

28 U.S.C.A. § 157(a) and (b)(1) and (2) (Supp.1985).

This statute is part of the Bankruptcy Amendments and Federal Judgeship Act of 1984, the congressional response to the Court's decision in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) (grant of jurisdiction to bankruptcy judges under former 28 U.S.C. § 1471 impermissible under Article III of the U.S. Constitution). In *Northern Pipeline* a chapter 11 debtor commenced a suit (against Marathon) seeking damages for alleged breaches of contract and warranty, as well as misrepresentation, coercion and duress. Writing for a plurality of the Court, Justice Brennan observed:

[T]he restructuring of debtor-creditor relations, which is at the core of the federal bankruptcy power, must be distinguished from the adjudication of state-created private rights, such as the right to recover contract damages that is at issue in this case. The former may well be a "public right," but the latter obviously is not. Appellant Northern's right to recover contract damages to augment its estate is "one of private right, that is, of the liability of one individual to another...."

*Northern Pipeline,* 458 U.S. at 71–72, 102 S.Ct. at 2871–72 (citations omitted).

The instant proceeding, a suit to enforce a promissory note, is likewise a matter of private rights not involving congressionally created statutory rights and is immaterially distinguishable from *Northern Pipeline.* While this proceeding may affect the liquidation of assets of the estate, considering *Northern Pipeline* it cannot constitutionally be a core proceeding within the scope of 28 U.S.C.A. § 157(b)(2)(O) (Supp.1985). *Mohawk Indus., Inc. v. Robinson Indus., Inc.,* 46 B.R. 464 (D.Mass.1985). *See also Atlas Automation, Inc. v. Jensen, Inc.,* 42 B.R. 246 (Bankr.E.D.Mich.1984) (doubtful in light of *Northern Pipeline* that Congress intended action to collect account receivable to be tried in bankruptcy court). It is the determination of this court that an action to enforce a promissory note is not a core proceeding. *Accord George Woloch Co. v. Longview Capital Plastic Pipe, Inc.,* 49 B.R. 68 (E.D.Pa.1985) and *Cristol v. Western Book Distributors (In re Schear & Assoc. Inc.),* 47 B.R. 544 (Bankr.S.D.Fla. 1985) (action to collect account receivable is not a core proceeding). *Contra Franklin Computer Corp. v. Harry Strauss & Sons, Inc.,* 50 B.R. 620 (Bankr.E.D.Pa. 1985); *Cotton v. Shirah (In re All American of Ashburn, Inc.),* 49 B.R. 926 (Bankr. N.D.Ga.1985).[1]

## II

Section 157(c)(1) of Title 28 of the United States Code provides:

(c)(1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those

---

**1.** See *Bokum Resources Corp. v. Long Island Lighting Co.,* 49 B.R. 854 (Bankr.D.N.M.1985) for a discussion of cases involving the question whether certain proceedings are core or non-core proceedings.

matters to which any party has timely and specifically objected.

28 U.S.C.A. § 157(c)(1) (Supp.1985).

Although this statute permits this court to hear the instant proceeding and submit proposed findings and conclusions to the district court, judicial economy dictates otherwise. Air Brake is constitutionally entitled to, and has timely demanded, Bankruptcy Rule 9015, a jury trial. U.S. Const. Amend. VII; *United States v. Jepson,* 90 F.Supp. 983 (D.N.J.1950). Because, absent consent to jurisdiction of the bankruptcy court, the district court reviews de novo the proposed findings and conclusions in a noncore proceeding, a jury trial of the instant proceeding in this court would be merely advisory. A second trial by jury would be necessary in the district court if either party objects to the result proposed by this court. See *Mohawk Indus., Inc. v. Robinson Indus., Inc.,* 46 B.R. 464 (D.Mass.1985). Hence, this proceeding should be transferred to the district court.