In re SHAFER & MILLER INDUSTRIES, INC., First Florida Building Corp., First Florida Properties, Inc., Cayo Building Corp., Debtors.

FIRST FLORIDA BUILDING CORP., Plaintiff/Appellee,

v.

EMPLOYERS INSURANCE OF WAUSAU, Appellant/Defendant.

No. 86–1632–Civ–SMA.

United States District Court, S.D. Florida, Civil Division.

Oct. 30, 1986.

Laurel M. Isicoff, Squire, Sanders & Dempsey, Miami, Fla., for plaintiff/appellee.

Carl K. Hoffman, Kimbrell & Hamann, P.A., Miami, Fla., for appellant/defendant.

## MEMORANDUM OPINION AND FINAL ORDER REVERSING BANKRUPTCY COURT DECISION

ARONOVITZ, District Judge.

This matter is before the Court on appeal from an Order of the United States Bankruptcy Court of the Southern District of Florida.

## BACKGROUND

On July 21, 1983, Plaintiff/Appellee First Florida Building Corporation (hereinafter "First Florida"), debtor, entered into a contract with Enserv Company, Inc. (hereinafter "Enserv"), an electrical company, to perform electrical work on a project in Santa Clara, California. Appellant Employers Insurance of Wausau (hereinafter "Wausau") provided the performance bond for that project. In May of 1984, a dispute arose between the parties as to which party was to pay overtime expenses for the electricians to continue work over a holiday weekend. As a result of that dispute, First Florida filed suit against Enserv for breach of contract and against Wausau under the performance bond in Santa Clara, California, on June 4, 1984, which suit apparently remains pending.

On November 1, 1984, First Florida filed for reorganization under chapter 11 and on January 8, 1986, First Florida brought this adversary proceeding against Wausau. At no time did Wausau file a claim in the bankruptcy proceeding. Subsequently, Wausau moved the bankruptcy court to determine the nature of the proceeding, i.e., whether it is a core or noncore proceeding, to dismiss the action, to abstain, and to transfer venue. Judge A.J. Cristol deter-

mined on April 1, 1986 that the nature of this proceeding is a core proceeding, denied Wausau's motion to dismiss, and reserved ruling on Wausau's motion to abstain and to transfer venue. This appeal ensued as to that portion of the Order which determined the nature of this proceeding.

## ANALYSIS

Under 28 U.S.C. § 157(b)(3), the bankruptcy court must determine on its own motion, or the timely motion of a party, whether a proceeding is a core proceeding or whether it is otherwise related to a case under chapter 11. In noncore matters (that is, "related to" matters), the bankruptcy court acts as an adjunct to the district court and may not enter final judgments without the consent of the parties; its findings of fact and conclusions of law are subject to de novo review by the district court. 28 U.S.C. § 157(c)(1). In core matters, however, the bankruptcy court is empowered to enter final judgments, subject to appellate review by the district court. 28 U.S.C. §§ 157(b)(1) and 158.

This dual approach to "core" and "related" matters as reflected in the Bankruptcy Act of 1984 is a Congressional response to the Supreme Court's decision in *Northern Pipeline Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) in which the Court held that the Bankruptcy Act of 1978 violated Article III insofar as it empowered bankruptcy courts to exercise jurisdiction over matters which must be adjudicated by independent Article III judges. In *Marathon*, the debtor brought suit against a creditor, seeking damages for breach of contract, among other things. In holding that a bankruptcy court could not completely adjudicate such a matter, the Court stated:

> But the restructuring of debtor-creditor relations, which is at the core of the federal bankruptcy power, must be distinguished from the adjudication of state-created private rights, such as the right to recover contract damages that is at issue in this case.

458 U.S. at 71, 102 S.Ct. at 2871.

The Court went on to note that the debtor's right to recover contract damages to

augment its estate is " 'one of private right, that is of the liability of one individual to another' " (458 U.S. at 71–72, 102 S.Ct. at 2871–72) and that the claim's tangential relationship to the petition for reorganization does "not transform the state-created right into a matter between the Government and the petition for reorganization. *Even in the absence of the federal scheme,* the plaintiff would be able to proceed against the defendant on the state-law contractual claims." 458 U.S. at 72 n. 26, 102 S.Ct. at 2872 n. 26 (emphasis added).

Although the new Bankruptcy Act of 1984 was purportedly passed in an attempt to cure these constitutional infirmities, the Act itself provides little guidance for distinguishing between "core" and "related" proceedings, other than denoting some very specific examples of "core" proceedings, to be discussed *infra.* The determination, then, of what constitutes "core" and "noncore" proceedings has been left largely for the courts.

■ Some courts have adopted a very restrictive approach to core proceeding jurisdiction and have held that state law causes of action are automatically deemed "related" proceedings under *Marathon. See President's Commission on Organized Crime,* 783 F.2d 370, 376 (3rd Cir. 1986) (characterizing *Marathon* as holding that bankruptcy judges lack the authority to adjudicate state common law claims); *State Bank of Lombard v. Chart House, Inc.,* 46 B.R. 468 (N.D.Ill.1985); *Smith-Douglass, Inc. v. Smith (In re Smith-Douglass),* 43 B.R. 616 (Bankr.E.D.N.C. 1984). This Court does not interpret *Marathon* as prohibiting bankruptcy courts from finally adjudicating any and all state law claims. *Accord Jefferson National Bank v. I.A. Durbin, Inc. (In re I.A. Durbin, Inc.),* 62 B.R. 139 (S.D.Fla.1986). However, although *Marathon* provides little guidance regarding other types of state

law claims, it was nevertheless clear that a state-created right to recover damages for breach of contract, even though such damages would ultimately enhance the debtor's estate, did not transform what is essentially a private right into a public right. The clear mandate of *Marathon* is that private rights must be finally adjudicated by Article III judges.

■ Appellee argues that this adversary proceeding fits within one of the specifically enumerated provisions of 28 U.S.C. § 157, namely, 28 U.S.C. § 157(b)(2)(O), sometimes referred to as the "catch-all" provision.[1] Section 157(b)(2)(O) provides: "other proceedings affecting the liquidating of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims." Relying primarily on *Commodity Futures Trading Commission v. Schor,* — U.S. ——, 106 S.Ct. 3245, 92 L.Ed.2d 675 (1986), *Lesser v. A-Z Associates (In re Lion Capital Corp.),* 46 B.R. 850 (Bankr.S. D.N.Y.1985) and *Danning v. Lummis (In re Tom Carter Enterprises, Inc.),* 44 B.R. 605 (Bankr.C.D.Cal.1984), appellee seeks a broad interpretation of this catch-all provision. Appellee contends that because Congress has restructured the bankruptcy courts as adjuncts subject to considerable control by Article III courts, the specifically enumerated examples of "core" proceedings contained in 28 U.S.C. § 157 may and should be construed broadly. This Court cannot agree.

First, it is true that regardless of whether a matter is deemed core or related under the Bankruptcy Act of 1984, any final adjudication is subject to review by the district court. Be that as it may, however, it must be borne in mind that the standard of review for core proceedings is whether the bankruptcy court decision is clearly errone-

---

1. Appellee also states in its brief that this proceeding arguably fits within 28 U.S.C. § 157(b)(2)(A) as a "matter concerning the administration of the estate." Appellee's Brief at 7. Appellee cites no authority for this contention and all but abandoned the claim at oral

argument. In any event, the Court interprets 28 U.S.C. § 157(b)(2)(A) as referring to those managerial matters incident to case management which are peculiarly within the province of bankruptcy judges.

ous, whereas a decision in a related matter is subject to de novo review. This difference is obviously not without significance.

Second, although the Court is in complete agreement with appellee that the proper starting point for this determination is the language of the statute itself, it is incumbent upon this Court to construe federal statutes as to avoid doubt of their constitutionality. *Machinists v. Street,* 367 U.S. 740, 749, 81 S.Ct. 1784, 1789, 6 L.Ed.2d 1141 (1961). Were this Court to interpret 28 U.S.C. § 157(2)(b)(O) as encompassing this breach of contract action because any damage award will ultimately augment the estate or because it will incidentally affect the adjustment of the debtor-creditor relationship,[2] such interpretation would seriously ignore the constitutional defects *Marathon* sought to correct.

The Court finds *Marathon* dispositive of the instant appeal and concludes that this adversary proceeding for breach of contract can only be characterized as one "related to" a chapter 11 proceeding.

Because the Court finds *Marathon* dispositive of this appeal, it need not reach the question, as other courts have, as to the proper test for determining "core" versus "related" questions where it is not so clear that strictly private rights are involved. The Court notes, however, that under either the four-prong test set out in *B–U Acquisition Group, Inc. v. Utica Mutual Insurance Co. (In re Matter of Baldwin-United Corp.),* 52 B.R. 541 (Bankr.S.D. Ohio 1985), as argued by appellee, or under the "but for" test adopted by several Circuit Courts (*see Lafayette Radio Electronics Corp.,* 761 F.2d 84, 89 (2d Cir.1985); *In re Thomas,* 765 F.2d 926, 929 (9th Cir. 1985); *In re Matter of Colorado Energy Supply, Inc.,* 728 F.2d 1283, 1286 (10th

Cir.1984), the Court would unavoidably be drawn to the same conclusion.[3]

In a more pragmatic vein, the Court turns to the options available to the bankruptcy court, given the characterization of this proceeding as a noncore proceeding. First, the bankruptcy court can conduct a trial on the merits of this action and submit its proposed findings of fact and conclusions of law. 28 U.S.C. § 157(c)(1). Second, the bankruptcy court need not exercise its discretion to retain the matter for trial under 28 U.S.C. § 157(c)(1), but may instead defer to the district court for a full plenary hearing in the district court, in which instance, of course, a jury trial may be held. *Capla Oil & Gas Co. v. Hight Petroleum, Inc. (In re Capla Oil & Gas Co.),* 46 B.R. 317 (Bankr.W.D.La.1985). Third, the bankruptcy court could at this juncture entertain Wausau's motion for discretionary abstention under 28 U.S.C. § 1334(c)(1) or its motion for transfer of venue under 28 U.S.C. § 1412.

Finally, the Court notes that although the record herein does not disclose a demand for jury trial, the parties at oral argument intimated that a jury trial either will be or had been demanded. If the parties have requested or will request a jury trial, it may very well be that this matter can be heard by the district court in the first instance (unless the bankruptcy court were to utilize the jury in a strictly advisory capacity with agreement of the parties). *See Cameron v. Anderson (In re American Energy, Inc.),* 50 B.R. 175 (Bankr.D.N.D.1985); *Morse Electric Co. v. Logicon, Inc. (In re Morse Electric Co.),* 47 B.R. 234 (Bankr.N.D.Ind.1985); *Mohawk Industries, Inc. v. Robinson Industries, Inc.,* 46 B.R. 464 (D.Mass.1985). While the law permits argument to the contrary, the cases cited *supra* suggest that in a noncore

---

**2.** Appellee has filed a document entitled Joint Plan of Reorganization in support of its argument that the outcome of this proceeding will affect the debtor-creditor relationship, which document Appellant has moved to strike as outside the record. The Motion to Strike is denied; however, the Court considers the document of little significance to its decision.

**3.** The Court further notes that *Jefferson National Bank v. I.A. Durbin, Inc. (In re I.A. Durbin, Inc.),* 62 B.R. 139 (S.D.Fla.1986), relied on by appellee, is distinguishable from the instant action. That case involved a claim which fit within one of the statute's specific "core" categories and one of the parties had consented to the jurisdiction of the bankruptcy court.

proceeding, little useful purpose would be served if the bankruptcy court were to make findings of fact and conclusions of law concurrently with a jury trial.[4]

This is not meant as an exhaustive list of options available to the bankruptcy court. The bankruptcy court may, of course, choose whatever other options are available under law to determine how this noncore proceeding should reach final disposition.

Based on the foregoing, it is hereby

ORDERED AND ADJUDGED that the Order of the Bankruptcy Court of April 1, 1986 is REVERSED insofar as it characterizes this proceeding as a core proceeding.[5]

---

**4.** There is a split of authority as to whether or not there is a right to jury trial before a bankruptcy court in a core proceeding. *Cf. Jacobs v. O'Bannon (In re O'Bannon)*, 49 B.R. 763, 765 (Bankr.M.D.La.1985), *citing Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966) (holding no right to jury trial in core proceedings because bankruptcy courts are courts of equity) *with Lerblance v. Rodgers (In re Rodgers)*, 48 B.R. 683 (Bankr.E.D.Okla.1985); *Energy Resources Co. v. Rosen (In re Energy Resources Co.)*, 49 B.R. 278 (Bankr.D.Mass.1985) (looking to the exact nature of the action before the bankruptcy court to determine whether a right to jury trial exists).

**5.** Judge Cristol's Order of April 1, 1986, which forms the basis of this appeal, consists of a one-line ruling on this issue, to-wit: "This action is a Core Proceeding." No reasoning was forthcoming and no basis was afforded to this Court to determine the thinking of the bankruptcy court as to how he reached that decision, other than reference to the entire record herein. An order should not come up from the bankruptcy court in such abbreviated form, leaving the appellate court to determine whether it is clearly erroneous. This Court is of such strong opinion, however, that the matter at hand is not a core matter, that it has seen fit to enter this Opinion reversing the bankruptcy court. Under less clear circumstances, this matter may have been remanded to the bankruptcy court for an explanation.