In re GAILDEEN INDUSTRIES, INC., Debtor.

Edward M. WALSH, Trustee, Plaintiff,

v.

LONG BEACH HONDA, Defendant.

Bankruptcy Nos. C–85–4197–MHP, 4–84–01233 WW.

Adv. No. 3–84–0493–Oak–LK.

United States District Court, N.D. California.

April 3, 1986.

Dennis D. Davis, Goldberg, Stinnett & MacDonald, San Francisco, Cal., for trustee/plaintiff.

Linda E. Stanley, James D. Wood, Dinkelspiel & Dinkelspiel, San Francisco, Cal.,

Thomas C. Watts, III, Watts & Watts, Inc., Santa Ana, Cal., for defendant.

## OPINION

PATEL, District Judge.

■ This preference action, brought under 11 U.S.C. § 547, was initially filed in the bankruptcy court. Defendant moved to transfer the action to district court, arguing that it has a constitutional right to a jury trial and that the bankruptcy court can not conduct a jury trial. Plaintiff conceded that defendant has a right to a jury trial in this action,[1] but argued that transfer was unnecessary because a jury trial could proceed in the bankruptcy court.

On June 25, 1985 Judge King granted defendant's motion and ordered the action transferred to this court. In his memorandum opinion, Judge King indicated that he was transferring the action because the power to conduct jury trials had not been expressly granted to bankruptcy judges by any statute and because, in the wake of the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), "there is some doubt about whether a non-Article III bankruptcy court can constitutionally hold jury trials even when the power is expressly granted by statute." No. 3–84–0493, slip op. at 2 (June 25, 1985).

■ After the action was transferred here, the parties were asked to file supplemental papers regarding the bankruptcy court's authority to conduct jury trials. For the reasons discussed below, the court concludes that the bankruptcy court does

have authority to conduct a jury trial in this "core" preference action.[2] The case will therefore be referred back to the bankruptcy court for further proceedings.

## DISCUSSION

### A. *Historical Overview*

The recent history of legislation concerning jury trials in bankruptcy courts is both confused and confusing. Under § 19 of the Bankruptcy Act of 1898, a person against whom an involuntary petition had been filed was entitled to a jury trial on the issue of insolvency and any "act of bankruptcy" alleged in the petition. The Act neither expressly authorized nor expressly prohibited bankruptcy referees from conducting jury trials and it is unclear to what extent referees actually conducted jury trials under the Act.

In 1960, in response to an inquiry by the Senate Committee of the Judiciary, the Judicial Conference adopted a resolution providing that bankruptcy referees should not preside over jury trials. Proceedings, Judicial Conference of the United States 22 (1960).[3] Although the matter was apparently referred to the Committee of the Conference on Rules of Practice and Procedure, the resolution was never embodied in a formal rule and at least one district court held that bankruptcy courts were empowered to conduct jury trials. "[n]otwithstanding expressions of the Judicial Conference to the contrary." *In re Palfy*, 336 F.Supp. 1268, 1269 (N.D.Ohio 1972).

The Judicial Council apparently reversed its position a decade later. The bankruptcy rules that became effective in 1973, and which were approved by the Judicial Con-

---

1. This position is consistent with the case law. The trustee seeks to set aside a preferential transfer made in favor of defendant who has not filed a proof of claim. The relief prayed for is not equitable, but for money damages. Hence there is a right to a jury trial. *See, e.g., In re O.P.M. Leasing Services, Inc.*, 48 B.R. 824, 13 Bankr.Ct.Dec. (CRR) 114, 115–116 (S.D.N.Y. 1985).

2. A proceeding to avoid a preference is defined as a "core" proceeding under 28 U.S.C. § 157(b)(2)(F).

3. The resolution provided: "Without expressing an opinion as to any question of law involved, it is the sense of the Judicial Conference that referees in bankruptcy should not preside upon jury trials of involuntary petitions in bankruptcy; further, that this matter be referred to the standing Committee of the Conference on Rules of Practice and Procedure."

ference, expressly authorized bankruptcy judges to conduct jury trials. Former Rule 115, which governed the procedure for a hearing on an involuntary petition, provided that any jury trial be conducted by the district court if the alleged bankrupt so demanded or a local rule so provided, but that "otherwise the referee shall conduct the jury trial."

Former Rule 409(c) provided that whenever a jury trial was demanded in an action to determine the dischargeability of a debt, any issue triable by jury was to be placed on the jury calendar of the district court unless a local rule of court provided otherwise. The Advisory Committee Note to Rule 409 made clear that a local rule of court could "provid[e] for the retention of the entire proceeding by the referee with authority to conduct the jury trial in the bankruptcy court." Thus, prior to the Bankruptcy Reform Act of 1978, the bankruptcy rules expressly authorized bankruptcy judges to conduct jury trials while the bankruptcy statute, itself, was silent on the matter.

Section 1480 (28 U.S.C.) of the 1978 Act provided, in part, that "this chapter and title 11 do not affect any right to trial by jury, in a case under title 11 or in a proceeding arising under title 11 or arising in or related to a case under title 11, that is provided by any statute in effect on September 30, 1979." Section 1480 was generally interpreted as expressing a Congressional intent to allow bankruptcy judges to hold jury trials. *See, e.g., Marathon,* 458 U.S. at 55, 102 S.Ct. at 2863; *In re Rodgers & Sons, Inc.,* 48 B.R. 683, 12 Bankr.Ct. Dec. (CRR) 1255 (Bankr.E.D.Ok.1985); 1 Collier on Bankruptcy ¶ 3.01[7a], 3–62 n. 79 (King 15th ed. 1985). The Supreme Court's ruling in *Marathon,* however, cast some doubt on whether such an authorization was constitutionally permissible.

In *Marathon* the Supreme Court held that the broad grant of jurisdiction contained in 28 U.S.C. § 1471(c) was unconstitutional because it vested "most, if not all, of 'the essential attributes of the judicial power'" in the non-Article III bankruptcy courts. 458 U.S. at 87, 102 S.Ct. at 2880. In the course of distinguishing the administrative scheme challenged in *Crowell v. Benson,* 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598 (1932), the plurality in *Marathon* noted that, while the agency in *Crowell* performed only limited and specialized functions, bankruptcy courts exercise all ordinary powers of district courts including, *inter alia,* the power to preside over jury trials. 458 U.S. at 85, 102 S.Ct. at 2878. In response to the Court's decision in *Marathon,* the Judicial Conference promulgated the Emergency Rule of Reference. The Emergency Rule, which was adopted by the Northern District of California, expressly prohibited bankruptcy judges from conducting jury trials.

Several months after the Emergency Rule was promulgated, the Supreme Court adopted the new Bankruptcy Rules of Procedure. These Rules, which were submitted to Congress on April 25, 1983 and became effective on August 1, 1983, superceded the emergency rules adopted by the district courts to the extent the two were inconsistent. *In re Morrissey,* 717 F.2d 100, 104 (3rd Cir.1983); *In re Blackman,* 55 B.R. 437, 13 Bankr.Ct.Dec. (CRR) 1013, 1014 (Bankr.D.C.1985); *In re Rodgers & Sons, Inc.,* 48 B.R. 683, 12 Bankr.Ct.Dec. (CRR) at 1256.[4]

The new Bankruptcy Rules clearly contemplate that bankruptcy judges will conduct jury trials. Rule 9015(a) provides that

---

**4.** One noted commentator has expressed the view that the new Bankruptcy Rules did not supercede the Emergency Rule. 1 Collier Bankruptcy ¶ 3.01[7b], 3–63 (King 15th ed. 1985). *See also* Note, *The Bankruptcy Amendments and Federal Judgeship Act of 1984; The Impact on the Right of Jury Trial in Bankruptcy Court,* 16 Tex.Tech.L.R. 535, 548–552 (1985). Whether or not the new Bankruptcy Rules supplanted the Emergency Rule, it is clear that the Emergency Rule was superceded by the 1984 statutory Amendments and, therefore, is no longer controlling. *In re Adams,* 761 F.2d 1422, 1424–25 (9th Cir.1985); *In re Lombard-Wall, Inc.,* 48 B.R. 986, 13 Bankr.Ct.Dec. (CRR) 236, 237 (S.D.N.Y. 1985); *In re Gibbons Construction Inc.,* 46 B.R. 193 (E.D.Ky.1984).

"[i]ssues triable of right by jury shall, if timely demanded, be by jury, unless the parties ... consent to trial by the court sitting without a jury."[5]  In actions where the parties do not have a right to jury trial, Rule 9015(e) authorizes the bankruptcy court to conduct a jury trial with the consent of the parties or to use an advisory jury whether or not the parties consent.  Rule 9015(f) provides that Fed.R.Civ.P. 47–51 apply when a jury trial is conducted.

Rule 9027(i) governs the procedure for requesting a jury trial in a matter removed to a bankruptcy court.  It speaks in terms of when a party is "entitled" to a jury trial.  Thus it contemplates jury trial in the bankruptcy court not merely when there is consent or an advisory jury, but also when a party makes a timely demand for a jury trial of right.  In fact, the procedural provisions of subparagraph (i) are inconsistent with those relating to advisory juries or jury trial by consent, suggesting the bankruptcy court is not to be so limited.

On July 10, 1984 Congress enacted the Bankruptcy Amendments and Federal Judgeship Act of 1984.  Significantly, although the 1984 Amendments were in large part a ratification of the Emergency Rule, the prohibition on jury trials contained in the Emergency Rule is one of the few provisions Congress chose not to enact as part of the 1984 Amendments.  *In re Blackman,* 55 B.R. 437, 13 Bankr.Ct.Dec. (CRR) at 1015; *Rodgers & Sons,* 48 B.R. 683, 12 Bankr.Ct.Dec. (CRR) at 1257; *In re Baldwin-United Corp.,* 48 B.R. 49, 12 Bankr.Ct.Dec. (CRR) 913, 917 (Bankr.S.D. Ohio 1985).  The only provision in the 1984 Amendments dealing with jury trials is 28 U.S.C. § 1411 which provides that "this chapter and title 11 do not affect any right to trial by jury that an individual has under applicable nonbankruptcy law with regard to a personal injury or wrongful death tort claim."  28 U.S.C. § 1411(a).[6]  Although there is some confusion over the effect § 1411 has on the right to jury trial in

bankruptcy court, as well as the fate of the broader provision contained in § 1480, courts have generally concluded that § 1411 was not intended to limit the power of bankruptcy judges to conduct jury trials in actions other than those for personal injury or wrongful death.  *See, e.g., Rodgers,* 48 B.R. 683, 12 Bankr.Ct.Dec. (CRR) at 1256; *Baldwin-United,* 48 B.R. 49, 12 Bankr.Ct.Dec. (CRR) 913, 917 (Bankr.S.D. Ohio 1985); *In re Morse Electric Co.,* 47 B.R. 234, 12 Bankr.Ct.Dec. (CRR) 957, 959 (Bankr.N.D.Ind.1985).  *Cf., In re American Energy Inc.,* 50 B.R. 175, 13 Bankr.Ct. Dec. (CRR) 200, 203 (Bankr.D.N.D.1985) (concluding that § 1411(a) eliminates the right to a jury trial in "core" proceedings); King, *Jurisdiction and Procedure Under the Bankruptcy Amendments of 1984,* 38 Vand.L.Rev. 675, 702–708 (1985) (arguing that § 1411 effectively repealed § 1480 and eliminated any right that may have existed to a jury trial in bankruptcy court).

In any event, the court need not concern itself with the effect of § 1411.  Section 122(b) of Pub.L. 98–353 provided, in part, that § 1411(a) "shall not apply with respect to cases under title 11 of the United States Code that are pending on the date of enactment of this Act [July 10, 1984], or to proceedings arising in or related to such cases."  The underlying bankruptcy action in this case was filed on April 11, 1984.  Thus, § 1411(a) does not apply.

## B.  *Bankruptcy Court's Power to Conduct Jury Trials*

Not surprisingly, the confusing interplay of the various rules and statutes, as well as Congress' failure to specifically address the issue in the 1984 Amendments, has led to considerable confusion and litigation over the question whether bankruptcy courts may conduct jury trials.  As one commentator has recently noted, "[t]he present status of jury trials in Bankruptcy Courts is in a state of disarray."  Dugan, *Jury Trials*

---

**5.**  Rule 9001(2) makes clear that "court," as used in the Rules, refers to the bankruptcy courts.

**6.**  28 U.S.C. § 157(b)(5) provides that bankruptcy courts may not hear personal injury or wrongful death actions; these actions must be heard in the district court.

*in Bankruptcy Courts,* Norton Bankruptcy Law Advisor, Jan. 1986, at 3. Nonetheless, the overwhelming majority of published decisions addressing the issue have concluded that bankruptcy courts do have the power to conduct jury trials. *See, e.g., In re Boss-Linco Lines, Inc.,* 55 B.R. 299, 13 Bankr.Ct.Dec. (CRR) 1028, 1033, 1035 (Bankr.W.D.N.Y.1985); *Blackman,* 55 B.R. 437, 13 Bankr.Ct.Dec. (CRR) at 1014–15; *In re Mauldin,* 52 B.R. 838, 13 Bankr.Ct. Dec. (CRR) 603, 605 (Bankr.N.D.Miss.1985); *In re George Woloch Co.,* 49 Bankr. 68, 69–70 (E.D.Penn.1985); *Rodgers,* 48 B.R. 683, 12 Bankr.Ct.Dec. (CRR) at 1255–57; *In re O.P.M. Leasing Services, Inc.,* 48 B.R. 824, 13 Bankr.Ct.Dec. (CRR) 114, 117 (S.D.N.Y.1985); *Morse Electric,* 47 B.R. 234, 12 Bankr.Ct.Dec. (CRR) at 959; *Baldwin-United,* 48 B.R. 49, 12 Bankr.Ct.Dec. (CRR) at 917; *Macon Prestressed Concrete Co. v. Duke,* 46 B.R. 727, 12 Bankr.Ct.Dec. (CRR) 1284, 1286 (M.D.Ga.1985); *In re Gibbons Construction Inc.,* 46 B.R. 193, 194 (E.D.Ky.1984); *In re Paula Saker & Co.,* 37 B.R. 802, 11 Bankr.Ct.Dec. (CRR) 743, 747 (Bankr.S.D.N.Y.1984); *In re Martin Baker Well Drilling, Inc.,* 36 B.R. 154 (Bankr.D.Me.1984). *But cf. In re American Energy, Inc.,* 50 B.R. 175, 13 Bankr.Ct. Dec. (CRR) 200, 203–04 (Bankr.D.N.D. 1985); *In re Proehl,* 36 B.R. 86 (W.D.Va. 1984). The court finds these cases persuasive.

There is no statutory provision, applicable in this case, that either expressly authorizes or expressly prohibits jury trials in bankruptcy courts. Nonetheless it seems clear Congress intended bankruptcy judges to conduct jury trials in appropriate cases. Section 157(b) (28 U.S.C.) authorizes bankruptcy judges to "hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred" by the district court. Furthermore, § 157(b) permits the bankruptcy court to enter final orders and judgments in all core proceedings.[7] This broad grant of jurisdiction would seem to include those cases in which a right to jury trial exists.

As already discussed, the 1984 Amendments were in large part a ratification of the Emergency Rule. Had Congress intended to prohibit bankruptcy judges from conducting jury trials it need only have enacted the proscription contained in the Emergency Rule. Congress did not do so. Instead, it granted the bankruptcy courts very broad jurisdiction under § 157 while leaving intact Rules 9015 and 9027 which clearly contemplate, if not expressly authorize, jury trials in bankruptcy courts.

Viewing the existing rules and statutory provisions in light of the rather tortured history discussed above, the court concludes that the bankruptcy court in this case is authorized to conduct a jury trial.

Allowing bankruptcy courts to conduct jury trials—at least in "core" matters like this one—is not inconsistent with the Supreme Court's holding in *Marathon.* The Court in *Marathon* was principally concerned with the very broad grant of jurisdiction contained in 28 U.S.C. § 1471(c) which enabled bankruptcy courts to adjudicate essentially state-based claims. Thus, bankruptcy courts could hear and enter final judgment in all cases, even those involving "non-core" matters which were defined as matters related to cases under Title 11 and which did not involve Congressionally-created rights.

The appellants in *Marathon* argued that the bankruptcy courts simply served as "adjuncts" to the district court and therefore were not exercising judicial powers reserved to Article III courts. After noting that Congress' power to create adjuncts "plainly must be deemed at a minimum" when the rights being adjudicated are not Congressionally-created ones,[8] the Court

---

7. On July 20, 1984 the Northern District of California entered an order of general reference pursuant to § 157, referring to the bankruptcy court all cases and proceedings under Title 11 or arising in or related to a case under Title 11.

8. In contrast, the Court expressly noted that Congress has broad discretion in determining how Congressionally-created rights are to be adjudicated. 458 U.S. at 80, 83–84, 102 S.Ct. at 2876, 2877–78. "Core" bankruptcy matters involve such rights.

listed a number of powers exercised by the bankruptcy courts, including the power to conduct jury trials, which *taken together* constituted an impermissible delegation of judicial power. 458 U.S. at 84–85, 102 S.Ct. at 2878. The Court did not hold that allowing bankruptcy courts to conduct jury trials would, in and of itself, constitute an unwarranted encroachment upon the judicial power of the United States. 458 U.S. at 84, 102 S.Ct. at 2878. Nor did the Court specifically address the limits on Congress' power to create "adjuncts" to adjudicate rights, like those at issue here, which Congress itself created. Furthermore, the Supreme Court adopted Rule 9015 more than a year after its decision in *Marathon*. Surely had the Court meant to preclude bankruptcy judges from conducting jury trials, it would not have adopted the Rule.

CONCLUSION

For the foregoing reasons, the court concludes that the bankruptcy court is both authorized and constitutionally permitted to conduct a jury trial in this "core" preference action. The action is therefore referred to the bankruptcy court for further proceedings.

IT IS SO ORDERED.