**In re William J. STOECKER, Debtor.**

**Thomas E. RALEIGH, as Chapter 7 Trustee for William J. Stoecker, Plaintiff,**

**v.**

**Grace M. STOECKER, Defendant.**

**Nos. 90 C 2502, 89 B 2873 and 90 A 0034.**

United States District Court, N.D. Illinois, E.D.

July 31, 1990.

Neal Gerber Eisenberg & Lurie, Robert Radasevich, George M. Hoffman, Andrew G. Neal, Chicago, Ill., for plaintiffs.

Kimberly Siebentritt, Adelman Gettleman & Merens, Ltd., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

LEINENWEBER, District Judge.

On January 16, 1990, the trustee in the bankruptcy proceeding of William J. Stoecker brought a fraudulent conveyance action in this court against defendant Grace M. Stoecker. Pursuant to 28 U.S.C. § 158(a) and General Rule 2.33 of this district, the trustee's adversary complaint was automatically referred to the bankruptcy court. Defendant has now moved for withdrawal of the automatic reference on grounds that she has demanded a jury trial and that the bankruptcy court lacks both the constitutional and the statutory authority to conduct such a trial. There is a conflict in decisions on this issue, and the matter has never been considered by the Seventh Circuit Court of Appeals. For the reasons herein stated, defendant's motion is denied. Further, the matter is certified for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

## BACKGROUND

William J. Stoecker, the debtor in the bankruptcy proceeding ("Stoecker"), and Grace M. Stoecker, the defendant in the adversary proceeding ("Grace"), were married in Oak Forest, Illinois on November 20, 1982. Approximately six years later, on June 8, 1988, Grace filed a Petition for Dissolution of Marriage in the Circuit Court of Cook County, Illinois, County Department, Domestic Relations Division ("petition"). On June 8, 1988, pursuant to the petition, a Judgment for Dissolution of Marriage was entered.

This judgment incorporated verbatim the terms of a Marital Settlement Agreement entered into by Stoecker and Grace ("agreement"). The agreement, dated June 8, 1988, provided terms for divisions of certain marital property. In accordance with these terms, property was subsequently transferred to Grace (the "Marital Transfers") in exchange for her relinquishment of rights to alimony and other consideration. Stoecker allegedly held substantial amounts of real and personal property at the time of the Marital Transfers.

An involuntary petition under Title 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. ("Title 11"), was filed against Stoecker on February 21, 1989. Stoecker consented to an order of relief under Title 11 on March 14, 1989, and Thomas Raleigh was subsequently appointed to serve as trustee of the Stoecker estate ("trustee"). The case was later converted to a case under Title 7 of the Bankruptcy Code on February 26, 1990.

The trustee seeks to recover the Marital Transfers from Grace for the benefit of the Stoecker estate. To that end, the trustee commenced an adversary proceeding against Grace on January 16, 1990 by filing a two-count complaint alleging fraudulent conveyance. The complaint alleges that the Marital Transfers are voidable under 11

U.S.C. §§ 544, 548, and 550, which generally provide that a trustee may avoid fraudulent transfers under both bankruptcy and state law. Grace filed an answer to the complaint and a jury demand on March 20, 1990. Grace has not filed a proof of claim in the bankruptcy case. Moreover, Grace has neither expressly nor impliedly consented to the bankruptcy court's exercise of jurisdiction over a jury trial in this adversary proceeding.

On May 1, 1990, Grace moved for withdrawal of the automatic reference pursuant to 28 U.S.C. § 157(d), arguing that the bankruptcy court has neither the constitutional nor the statutory authority to conduct a jury trial. Both sides have requested certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(d), notwithstanding the outcome of this motion.

## DISCUSSION

### I. Defendant's Motion for Withdrawal of Reference

■ In response to the Supreme Court's decision in *Northern Pipeline Const. Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), which held unconstitutional the Bankruptcy Reform Act of 1978, Congress enacted the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("BAFJA"). Under BAFJA, only district courts may exercise original bankruptcy jurisdiction, although they may refer this jurisdiction to bankruptcy courts which, in turn, act as units of the district court. 28 U.S.C. § 157(a). Under General Rule 2.33 of this district, all cases and proceedings arising under Title 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, are automatically referred to a bankruptcy judge. Since the district court retains original jurisdiction, it may withdraw the automatic reference on its own motion or on the timely motion of any party for cause shown. 28 U.S.C. § 157(d). Defendant has moved for withdrawal of the reference on

grounds that she is entitled to a jury trial under the Seventh Amendment to the Constitution, and that for constitutional and statutory reasons a bankruptcy court is not the proper forum for such a proceeding.

■ As to defendant's purported right to a jury trial, the Seventh Amendment guarantees as much in "Suits at common law" where the amount in controversy exceeds twenty dollars.[1] Defendant has this right here. *Granfinanciera v. Nordberg,* — U.S. ——, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). The phrase "Suits at common law" refers to suits involving adjudication of legal, as opposed to equitable, rights. *Id.* 109 S.Ct. at 2790, citing *Parsons v. Bedford,* 3 Pet. 433, 7 L.Ed. 732 (1830). Fraudulent conveyance actions have been brought at law and tried before juries at least since late Eighteenth Century England. *Id.* 109 S.Ct. at 2790–91, citing *Schoenthal v. Irving Trust Co.*, 287 U.S. 92, 53 S.Ct. 50, 77 L.Ed. 185 (1932). However, they have "more than occasionally" appeared in courts of equity as well. *Id.* 109 S.Ct. at 2791. The test for which forum to choose, therefore, depends on the nature of the remedy sought. *Id.* at 2793. Plaintiff's complaint seeks to void the Marital Transfers and to recover the property for the estate, thereby making this a case at law. Accordingly, although this would be a core proceeding if heard by the bankruptcy court, 28 U.S.C. § 157(b)(2)(H), defendant enjoys the right to demand a trial by jury. *Granfinanciera* at 2802.

■ The larger question is whether a bankruptcy court is the proper forum to conduct such a proceeding. The Supreme Court specifically avoided this issue in *Granfinanciera.* 109 S.Ct. at 2794. Defendant argues that bankruptcy courts are constitutionally prohibited from conducting jury trials based upon the Supreme Court's decision in *Marathon Pipeline.* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Specifically, defendant points out that *Marathon Pipeline* invalidated the Bankruptcy

---

1. The full text of the Seventh Amendment provides, "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no

fact tried by jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law."

Reform Act of 1978 because it authorized Article I bankruptcy judges to exercise powers solely vested in Article III judges—one of these being the power to conduct a jury trial. Defendant argues that the logical conclusion of *Marathon Pipeline* is that the Constitution does not allow bankruptcy judges to preside over jury trials.

There is some support for this view. *In re Owensboro Distilling Co.*, 108 B.R. 572 (Bkrtcy.W.D.Ky.1989); *In re Brown*, 56 B.R. 487 (Bkrtcy.D.Md.1985); *In re American Energy*, 50 B.R. 175 (Bkrtcy.D.N.D. 1985); *In re Proehl*, 36 B.R. 86 (W.D.Va. 1984). However, a majority of courts have nonetheless concluded that bankruptcy courts have the constitutional power to conduct jury trials in core proceedings.[2] *Citibank, N.A. v. Park–Kenilworth Industries, Inc.*, 109 B.R. 321 (N.D.Ill.1989); *In re Data Compass Corp.*, 92 B.R. 575 (Bkrtcy.E.D.N.Y.1988); *Dailey v. First Peoples Bank of New Jersey*, 76 B.R. 963 (D.N.J.1987); *In re McCormick*, 67 B.R. 838 (D.Nev.1986); *M & E Contractors v. Kugler–Morris General Contractors, Inc.*, 67 B.R. 260 (N.D.Tex.1986); *In re Gaildeen Industries, Inc.*, 59 B.R. 402 (N.D. Cal.1986); *In re Blackman*, 55 B.R. 437 (Bkrtcy.D.D.C.1985); *In re Smith–Douglass*, 43 B.R. 616 (Bkrtcy.E.D.N.C.1984).

The court agrees with these latter decisions; defendant's conclusion that Article III necessarily bars jury trials in bankruptcy courts is not compelled by *Marathon Pipeline.* Rather than prohibiting bankruptcy court jury trials in all circumstances, the Supreme Court concluded that the Bankruptcy Reform Act of 1978 gave bankruptcy courts such extensive powers that, taken in total, it was clear they exercised "all ordinary powers of district courts, including the power to preside over jury trials...." 458 U.S. at 85, 102 S.Ct.

at 2878 (citations omitted). The court found there to be an improper delegation of Article III power in light of the *entire scheme* of responsibilities afforded the bankruptcy court, not merely the power to conduct a jury trial. *See Citibank, N.A. v. Park–Kenilworth Industries, Inc.*, 109 B.R. 321 (N.D.Ill.1989). Moreover, it is equally clear that the logic of *Marathon Pipeline*, when applied to the narrow issue of jury trials, demonstrates that there is no unconstitutional delegation here. The court held that the Bankruptcy Reform Act of 1978 was an improper transfer of authority because it removed "most, if not all, of the essential attributes of the judicial power from the Article III district court," and placed it in a non-Article III adjunct. 458 U.S. at 87, 102 S.Ct. at 2880. Such an extensive delegation is not at issue here, and so neither *Marathon Pipeline* nor the nondelegation clause bars jury trials before bankruptcy courts.[3]

■ Defendant next argues that bankruptcy judges lack the statutory authority to conduct jury trials because there is neither an express provision nor an express Congressional intent to that effect in BAFJA. Defendant contrasts this with the specific power given to magistrates to conduct jury trials in certain circumstances. *See* 28 U.S.C. § 636(c); *see also Silberstein v. Silberstein*, 859 F.2d 40 (7th Cir.1988). In this light, defendant argues, the most prudent course is to opt against affording broad judicial powers to a non-Article III tribunal.

BAFJA provides in relevant part as follows:

"(a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title

---

**2.** This should be distinguished from non-core proceedings, where most courts have found jury trials to be improper. *See In re American Community Services, Inc.*, 86 B.R. 681, 686 (D.Utah 1988); *Pied Piper Casuals v. Ins. Co. of State of Pa.*, 72 B.R. 156, 159–60 (S.D.N.Y.1987).

**3.** Defendant raises the additional constitutional argument that there is an "apparent" violation of the separation of powers clause by virtue of

"the judicial power of the United States" being exercised by a court "which does not possess the essential judicial attributes." To the contrary, this conclusion is in no way apparent, particularly in view of the fact that exactly such powers are already constitutionally vested in United States magistrates. *See generally*, 28 U.S.C. § 631 *et seq.*; *Silberstein v. Silberstein*, 859 F.2d 40 (7th Cir.1988).

11 shall be referred to the bankruptcy judges for the district.

(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title."

28 U.S.C. § 157(a), (b)(1). This language obviously is silent on the matter of jury trials, and no other provision of the statute sheds light on the question.[4]

Two federal appeals courts have reached conflicting decisions on this issue, and there is no governing authority from the Seventh Circuit. The Eighth Circuit has reasoned that while Section 157 grants bankruptcy judges fairly broad powers to preside over core proceedings under Title 11, there is no language indicating that the authority to conduct jury trials "is an indispensable power necessary to carry out the authority actually conferred by this section." *In the Matter of United Missouri Bank of Kansas City, N.A.*, 901 F.2d 1449, 1456 (8th Cir.1990). The court therefore concluded that it would have to "reach too far to imply the authority for an article I court to try jury cases involving private rights simply because Congress seeks to introduce a more efficient bankruptcy scheme...." *Id.* at 1456 (citations omitted). By contrast, the Second Circuit recently concluded that the only way to reconcile the holding in *Granfinanciera* with Section 157's provision allowing bankruptcy judges to preside over all core proceedings is to construe the Bankruptcy Code to allow jury trials in bankruptcy court. *Ben Cooper, Inc. v. Insurance Co. of Penn.*,

896 F.2d 1394, 1402 (2d Cir.1990); *see also* Gibson, *Jury Trials and Bankruptcy: Obeying the Commands of Article III in the Seventh Amendment*, 72 Minn.L.Rev. 967, 1027–1034 (1988).

It is this court's view that the Second Circuit's position is the most persuasive. Section 157 grants bankruptcy judges the power to hear and determine *all* cases under Title 11, as well as *all* core proceedings arising under Title 11 or arising in cases under Title 11. This power also includes the power to enter final orders and judgments in *all* core proceedings. In other words, Section 157 affects a broad, open-ended grant of jurisdiction to the bankruptcy courts without any attempt to distinguish between jury and non-jury trials. Since it applies to *all* core proceedings, and since under *Granfinanciera* any core proceeding involving legal rights must comply with the Seventh Amendment, a fair reading of Section 157 would suggest that it impliedly creates authority for jury trials in bankruptcy court.

■ An additional factor buttresses this conclusion. In the absence of express language in a statute, courts should examine the legislative history for possible authority to support an implication. *Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). In the present case, however, there is nothing in the vast history of the Bankruptcy Code which either supports or attacks the proposition that bankruptcy courts have the authority to conduct jury trials. Nonetheless, in response to the *Marathon* decision, Congress passed the Emergency Rules of Bankruptcy Procedure which, in part, prohibited jury trials. Most of the Emergency Rules were incorporated into BAFJA, with the notable

---

**4.** BAFJA's only mention of jury trials in relation to bankruptcy judges, 28 U.S.C. § 1411, does not address the issue of the forum in which the jury trial should be held. The Supreme Court has described this provision as being "notoriously ambiguous". *Granfinanciera v. Nordberg*, ——— U.S. ———, 109 S.Ct. 2782, 2789–90 n. 3, 106 L.Ed.2d 26 (1989).

By contrast, the Bankruptcy Reform Act of 1978 generally was considered to give bankruptcy judges the authority to preside over jury trials:

"Except as provided in subsection (b) of this section, this chapter and title 11 do not affect any right to trial by jury, in a case under title 11 or in a proceeding arising under title 11 or arising in or related to a case under title 11, that is provided by any statute in effect on September 30, 1979."

28 U.S.C. § 1480(a). *See In re Gaildeen Industries, Inc.*, 59 B.R. 402, 404 (N.D.Cal.1986).

exception of this particular prohibition. A number of cases have taken this as further evidence of Congress' intent to allow bankruptcy courts to preside over juries, and this court agrees with that view. *See Citibank, N.A. v. Park–Kenilworth Industries, Inc.,* 109 B.R. 321, 328 (N.D.Ill.1989); *Dailey v. First Peoples Bank of New Jersey,* 76 B.R. 963, 967 (D.N.J.1987); *In re McCormick,* 67 B.R. 838, 842 (D.Nev.1986); *In re Gaildeen Industries,* 59 B.R. 402, 405 (N.D.Cal.1986).

For the foregoing reasons, bankruptcy courts possess both the constitutional and the statutory power to conduct jury trials, and so withdrawal of the automatic reference is unwarranted.

*II. Certification for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b)*

In the event it denies her motion to withdraw, defendant requests that the court certify its order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Plaintiff does not object.

██ Typically, the discretionary decision to withdraw a reference is not reviewable as a final order. *In re Powelson,* 878 F.2d 976 (7th Cir.1989). However, certification for interlocutory appeal is warranted where a district judge is of the opinion that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation...." 28 U.S.C. § 1292(b). Such a controlling question is involved here. The probable complexity of the financial evidence involved in this matter may dictate a lengthy trial. Defendant will undoubtedly appeal on the jury issue if she loses at trial, and if the case is remanded for a new jury trial in this court a tremendous cost in time and money will result to the parties. This on its own may not be enough to warrant certification. The present situation, however, is one where the law surrounding a fundamental right is subject to a great deal of dispute among both district and circuit courts. An early determination by the Seventh Circuit thus would appear to serve the interests of justice most thoroughly.

### CONCLUSION

Accordingly, defendant's motion to withdraw is denied. This order is certified for interlocutory appeal to the Seventh Circuit Court of Appeals pursuant to 28 U.S.C. § 1292(b).

IT IS SO ORDERED.