In re Kenneth W. PROEHL t/a Proehl Construction Co., Debtor.

Percy Bailey TERRY, Plaintiff,

v.

Kenneth W. PROEHL t/a Proehl Construction Co., Defendant.

Misc. No. 84–M–1–L.

Bankruptcy No. 683–00531.

Adv. No. 683–0188.

United States District Court, W.D. Virginia, Lynchburg Division.

Jan. 10, 1984.

Sherwood Day, Lynchburg, Va., for plaintiff.

Leighton S. Houck, Lynchburg, Va., for defendant.

## MEMORANDUM OPINION

TURK, Chief Judge.

The issue before this court concerns the law of bankruptcy, which is an area of the law that has been in a state of disarray since the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). In *Northern Pipeline,* the Supreme Court held that the Bankruptcy Act of 1978 violated Article III of the Constitution by giving bankruptcy judges powers which the Constitution reserves to judges who enjoy the protections of Article III (life tenure and a guaranteed fixed compensation). After the Supreme Court decision in *Northern Pipeline,* the Judicial Council of the Fourth Circuit promulgated Bankruptcy Rules (pursuant to 28 U.S.C. § 332), which the Western District of Virginia adopted. One of the rules promulgated by the Judicial Council, which this District adopted, provides as follows:

1) The bankruptcy judges may perform in referred bankruptcy cases and proceedings all acts and duties necessary for the handling of those cases and proceedings except that the bankruptcy judges may not conduct:

d) jury trials.

Rule (d)(1)(a) (adopted December 24, 1982). Subsequent to the adoption of the Judicial Council's rules by this District, the Supreme Court promulgated new Bankruptcy Rules, pursuant to 28 U.S.C. § 2075.[1]

1. 28 U.S.C. § 2075 provides as follows:

The Supreme Court shall have the power to prescribe by general rules, the forms of proc-

Rule 9015 of the new Supreme Court rules, which Congress did not disapprove, provides as follows:

> Issues triable of right by jury shall, if timely demanded, be by jury, unless the parties or their attorneys of record, by written stipulation filed with the court or by oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury.

Rule 9015 (effective August 1, 1983). In the case at bar, the plaintiff requested a jury trial on the issue of debt dischargeability. Relying on the recent Third Circuit opinion of *In re Morrissey,* 717 F.2d 100 (3rd Cir.1983), the bankruptcy court concluded that the Supreme Court's more recent rules superceded the Judicial Council's rules adopted by this District, and the bankruptcy court granted the plaintiff's motion. The bankruptcy court held the plaintiff was entitled to a jury trial in bankruptcy court. Recognizing the importance of this question, the bankruptcy court certified the issue to this court for a determination.[2] The

issue of whether a bankruptcy judge may conduct a jury trial is currently before the court.

In *Northern Pipeline,* the Northern Pipeline Construction Company argued[3] that the newly created bankruptcy courts were adjuncts to the district courts and that the delegation of certain judicial functions to these courts was consistent with Article III. *See* 102 S.Ct. at 2874. The Supreme Court rejected this argument and held that the granting of Article III powers to the bankruptcy courts was an unconstitutional delegation of Article III powers, which powers the Court held must be performed by the Article III judiciary. *See id.* at 2878. In cataloging the Article III powers granted to the bankruptcy judges, the Supreme Court specifically noted the power to preside over jury trials. *See id.* at 2879; 28 U.S.C. § 1480.[4] Implicit in the *Northern Pipeline* decision is the conclusion that it would be an unconstitutional delegation to permit a bankruptcy judge to preside over a jury trial.[5] Accordingly, this court reverses the

---

ess, writs, pleadings, and motions, and the practice and procedure in cases under Title 11.

Such rules shall not take effect until they have been reported to Congress by the Chief Justice at or after the beginning of a regular session thereof but not later than the first day of May and until expiration of ninety days after they have been thus reported.
*See id.*

2. This court is aware of the importance of this question and would in all probability grant an interlocutory appeal to the Fourth Circuit.

3. The Supreme Court also rejected Northern Pipeline's argument that Article I permitted the exercise of the broad powers given to the bankruptcy courts. *See* 102 S.Ct. at 2874.

4. Rule 9015 permits a jury trial where there is a right to a jury trial. In order to determine if there is a right to a jury trial, the advisory committee notes to Rule 9015 send the reader to 28 U.S.C. § 1480. 28 U.S.C. § 1480 gives a party a right to a jury trial if such right existed by statute on September 30, 1979 (the last day the Bankruptcy Act of 1898 was in effect). The old act apparently permitted a jury trial in an involuntary bankruptcy on the issue of bankruptcy and on the issue of whether a bankruptcy act had been committed. *See* Bankruptcy Act of 1898 § 19(a). 28 U.S.C. § 1480(b) now provides that a bankruptcy judge may dispense with a jury trial in an involuntary petition, thus

abolishing a party's right to a jury in an involuntary petition. The only other possible right to a jury under the old Act was on the issue of debt dischargeability. Section 17(c)(5) of the old Act provided as follows: "Nothing in this subsection c shall be deemed to affect the right of any party upon timely demand, to a trial by jury *where such right exists.*" *See* Bankruptcy Act of 1898 § 17(c)(5) (emphasis added). Thus, the issue is whether before the passage of 17(c)(5) a right to a jury trial existed on the issue of debt dischargeability. Some courts have held that no such previous right to a jury trial existed in bankruptcy court. *See, e.g., In Re Swope,* 466 F.2d 936 (7th Cir.1972), *cert. denied,* 409 U.S. 1114, 93 S.Ct. 929, 34 L.Ed.2d 697 (1973). Thus, there may not have been a right to a jury trial on the issue of debt dischargeability in bankruptcy court under the old Act. Thus, even if Rule 9015 did not conflict with *Northern Pipeline,* there may not have been, nor may a right remain, to a jury trial in bankruptcy court.

5. The court notes also that the deference to a jury verdict would probably be greater than that afforded a bankruptcy judge, thus giving a bankruptcy court decision greater weight on appeal than a non-Article III decision should be permitted. *See* 102 S.Ct. at 2879. (unconstitutional to permit too much deference to an adjunct court).

bankruptcy court and concludes that a bankruptcy judge may not preside over a jury trial.[6]

This case shall be remanded to the bankruptcy court and an appropriate order denying the right of a bankruptcy judge to conduct a jury trial shall be entered.

---

**6.** This court is aware that a more recent federal statute usually takes precedence over an earlier local rule. In this case, however, Rule 9015 conflicts with the Supreme Court's jurisdictional decision in *Northern Pipeline. Cf. In re Morrissey,* 717 F.2d 100 (3rd Cir.1983) (more recent procedural rule governs). Thus, the Supreme Court's decision on the bankruptcy court's power must take precedence over a congressional statute. *See Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 2 L.Ed. 26 (1803) (Supreme Court decisions interpret the Constitution).