**In re CHASE & SANBORN CORP. f/k/a General Coffee Corp., Debtor(s).**

**Paul C. NORDBERG, as Creditor Trustee, Plaintiff,**

**v.**

**REPUBLIC NATIONAL BANK OF MIAMI, Defendant.**

**Bankruptcy No. 83–00889–BKC–TCB. Adv. No. 85–1130–BKC–TCB–A.**

United States Bankruptcy Court, S.D. Florida.

Nov. 22, 1985.

---

Gary R. Jones, Miami, Fla., for plaintiff.

David S. Garbett, Paul, Landy, Beiley, Harper & Metsch, P.A., Miami, Fla., for defendant Republic.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

Plaintiff seeks the recovery of $513,369 transferred by the debtor to defendant by check on December 14, 1982, five months before bankruptcy. Defendant has answered and the matter was tried on November 14.

There are three counts. The first two allege that the transfer was fraudulent under 11 U.S.C. § 548(a)(2), constructive fraud, and under § 548(a)(1), actual fraud.

■ The third count alleges that the transfer was fraudulent under State law, § 726.01, Florida Statutes. Plaintiff is permitted by 11 U.S.C. § 544(b) to maintain such an action. This court has concurrent jurisdiction to hear Count 3, but elects to abstain under 28 U.S.C. § 1334(c)(1) in the interest of comity with State courts and with respect for State law.

## Threshold Issues

■ Defendant has questioned this court's subject matter jurisdiction. (C.P. No. 23, ¶ 30). It relies upon a bankruptcy court decision, *Addison v. O'Leary (In re TWI, Inc.)*, 51 B.R. 470 (Bankr.E.D.Va. 1985). With all respect for my colleague's views on this thorny issue, I follow the unanimous decisions of the Circuits that have upheld the Bankruptcy Amendments. and Federal Judgeship Act of 1984. I conclude that this court has jurisdiction to decide Counts 1 and 2.

■ Plaintiff has moved for default judgment because the answer was four days late. The motion is denied.

Defendant has demanded a jury trial. *Pettigrew v. Graham (In re Graham)*, 747 F.2d 1383, 1388 (11th Cir.1984) held that there is no right to a jury trial in the bankruptcy court in a trustee's action to avoid a fraudulent transfer under State law, at least where appropriate relief was forced reconveyance of the property rather than damages.

■ The possible implication of this decision, as argued by defendant, was one factor prompting this court's abstention as to Count 3. However, *Graham* neither holds nor suggests that a purely statutory cause of action created by Congress, the nexus for Counts 1 and 2, entitles either party to a jury under the seventh amendment. The remedies created by 11 U.S.C. § 548(a)(1) and (2) did not exist at common law and, therefore, there is no right of jury trial to be preserved with respect to the issues before me.

■ *Graham* considered former 28 U.S.C. § 1480, which has been superseded by § 1411, which since the 1984 Act now restricts the right to jury trial in the bankruptcy court to the right of an individual in personal injury or wrongful death action brought under nonbankruptcy law.

The demand for jury trial is denied.

Both parties have previously sought continuance of the trial in order to undertake more discovery. The motions were denied

on November 13 with leave to renew the motions at trial. Neither party has elected to do so.

### The Merits

It is undisputed that on December 14, 1982 the defendant bank was paid $513,369 by check drawn on the debtor's account in another bank. It is also conceded that the debtor was never indebted to the defendant and defendant never furnished any consideration to the debtor.

The amount received equalled and was applied to satisfy a September 2, 1982 personal note owed by Alberto Duque to the defendant bank. Duque controlled the debtor as its dominant stockholder, officer and director. The September 2 note had been given by Duque in return for a loan of $500,000 which Duque had paid over to the debtor the same day he received it.

With respect to the constructive fraud count, the bank argues (a) that the money it received was not "an interest of the debtor in property" because the funds in the debtor's bank account had come from other parties; (b) that the debtor was not insolvent on the date of the transfer; and (c) that the debtor received "reasonably equivalent value in exchange for such transfer," because 102 days before the transfer Duque had given the debtor $500,-000.

Three and a half months ago, I entered judgment for this plaintiff against this defendant on the same cause of action in the amount of $509,041 for a February 18, 1983 transfer after a trial where the same arguments were made by defendant and overcome by the plaintiff. Adversary Proceeding No. 85–0700 (C.P. Nos. 71 & 72).

Plaintiff argues that defendant is collaterally estopped to recontest the issues already litigated between the parties and I agree. *International Association of Machinists & Aerospace Workers v. Nix*, 512 F.2d 125, 131 (5th Cir.1975). Neither party has indicated any evidence or argument it would advance today which would lead to a different finding or conclusion than that made by this court in the prior proceeding.

Specifically, I found in the prior action that:

"on that day, February 18, 1983, the debtor's liabilities exceeded its assets by at least $26 million."

The finding was based on evidence that the debtor was insolvent at least from October 1, 1982 through the date of bankruptcy, May 18, 1983. The fact that the date of transfer here was December 14, 1982 would not require a different finding.

I found in the prior action that:

"There were a number of transactions among the three parties—the debtor, Duque and the bank—both before and after the transactions noted above. They finally ended when both the debtor and Duque filed for bankruptcy three months after the transfer in question here. At that time, without question the debtor had received substantially less than had been taken from it. The trustee plaintiff estimates over $1 million less. It cannot be said here, therefore, as it can in every other indirect benefit case, that the debtor's creditors have suffered no loss. This is a vital distinction, because the indirect benefit cases are bottomed upon the ultimate impact to the debtor's creditors." (C.P. No. 71, page 3).

That finding is equally applicable and, as I see it, equally vital here.

By the same token, there is no purpose to be served by repeating the authorities or the reasoning which prompted my prior conclusion.

Without further elaboration, I conclude that the actual fraud count must be resolved here in favor of the trustee and against the defendant, as it was in the earlier case and for the same reasons.

As is required by B.R. 9021(a), a separate judgment will be entered for the plaintiff and against the defendant in the amount of $513,369. Costs may be taxed on motion.