In re John D. McCORMICK and Margaret A. McCormick, Debtors.

John D. McCORMICK and Margaret A. McCormick, Plaintiffs,

v.

AMERICAN INVESTORS MANAGEMENT, INC., L.W. Lundbeck, James E. Goss, Lavaughn B. Goss and Frank Alvarez, DOES I through V, inclusively, Defendants.

No. CV–N–86–561–ECR.
Bankruptcy No. 83–570.
Adv. No. 84–40.

United States District Court, D. Nevada.

Dec. 8, 1986.

F. Thomas Eck, III, Carson City, Nev., for debtors/plaintiffs.

Smith & Corder by Daniel S. Corder, Reno, Nev., for defendants.

EDWARD C. REED, Jr., Chief Judge.

This case was referred to the bankruptcy court pursuant to Amended Special Order No. 50.[1] The bankruptcy judge in this case determined that the debtors are entitled to a jury trial on their Truth in Lending Act claim. The bankruptcy judge also found that this adversary proceeding is not a "core proceeding" but is a proceeding "related to" the bankruptcy case.

Non-core matters may be heard by a bankruptcy judge but his findings and con-

clusions are subject to *de novo* review by the district court. 28 U.S.C. § 157(c)(1) (1986). If the parties consent, however, a bankruptcy judge may enter final orders and judgments subject to appellate review. 28 U.S.C. § 157(c)(2) (1986). It is clear that if a jury demand has been made in a proceeding where the bankruptcy judge cannot enter a final judgment, the district court, in the interests of judicial economy, should withdraw reference of the matter. *See UNR Industries, Inc. v. Continental Insurance Co.*, 623 F.Supp. 1319, 1333 (N.D. Ill.1985); *Macon Prestressed Concrete Co. v. Duke*, 46 B.R. 727, 730 (M.D.Ga.1985).

In this proceeding, however, the parties have consented to entry of a final judgment by the bankruptcy court. Nevertheless, the bankruptcy judge has concluded that he has no authority to conduct jury trials and has recommended that reference of this matter be withdrawn.

DISCUSSION

1. *The constitutionality of allowing Article I judges to preside over jury trials.*

■ The Supreme Court's landmark decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), sent shockwaves through the bankruptcy court system. Justice Brennan's plurality opinion stated that the broad grant of jurisdiction to the bankruptcy courts contained in 28 U.S.C. § 1471 (1976) was unconstitutional because it vested most, if not all, of "the essential attributes of the judicial power" in a non-Article III adjunct. 458 U.S. at 87, 102 S.Ct. at 2880. One of the "essential attributes" of the judicial power mentioned by Justice Brennan was the power of the bankruptcy courts to conduct jury trials. 458 U.S. at 85, 102 S.Ct. at 2879.

Based on this reference, several courts have found that *Marathon* precludes bankruptcy courts from conducting jury trials.

---

1. Amended Special Order No. 50 refers "all cases arising under Title 11, and all proceedings arising under Title 11 or arising in or related to cases under Title 11," to the bankruptcy judges of this district.

In *In re Proehl*, 36 B.R. 86, 87 (W.D.Va. 1984), the district court stated that "[i]mplicit in the *Northern Pipeline* decision is the conclusion that it would be an unconstitutional delegation to permit a bankruptcy judge to preside over a jury trial." (footnote omitted.) *See also In re Brown*, 56 B.R. 487, 490 (Bankr.D.Md.1985); *In re American Energy, Inc.*, 50 B.R. 175, 181 (Bankr.D.N.D.1985). These cases, however, rely solely on the reference to jury trials made by way of *obiter dictum* in *Marathon*. Since they lack any in depth analysis of the issue, these cases are not highly persuasive.

The *Marathon* decision attempts to synthesize a line of cases beginning with *American Insurance Co. v. Canter*, 1 Pet. 511, 7 L.Ed. 242 (1828), which construe the authority of Congress to create non-Article III tribunals. Therefore, its holding is far from clear. A better view of *Marathon's* holding, however, which has been followed by the majority of the courts that have faced the issue, is that the Constitution does not prohibit jury trials in the bankruptcy court. *See, e.g., In re Gaildeen Industries, Inc.*, 59 B.R. 402, 406–07 (N.D. Cal.1986); *In re O.P.M. Leasing Services, Inc.*, 48 B.R. 824, 828–29 (S.D.N.Y.1985); *In re Rodgers & Sons, Inc.*, 48 B.R. 683, 686 (Bankr.E.D.Okl.1985); *In re River Transportation Co.*, 35 B.R. 556, 560 (Bankr.M.D.Tenn.1983).

It is important to note that none of the opinions in *Marathon* state that bankruptcy courts cannot conduct jury trials. Moreover, the Court's primary concern was that non-Article III bankruptcy judges were exercising the full range of Article III powers while adjudicating traditional state common law actions. *See* 458 U.S. at 84, 102 S.Ct. at 2878 (Brennan, J., plurality opinion). *See also* 458 U.S. at 89–92, 102 S.Ct. at 2881–82 (Rehnquist, J., concurring); 458 U.S. at 92, 102 S.Ct. at 2882 (Burger, C.J., dissenting). Thus, the Court did not hold that allowing bankruptcy courts to conduct

jury trials, in and of itself, is unconstitutional, but rather found that all of the powers exercised by the bankruptcy court, taken together, constituted an impermissible delegation of judicial power. *See Gaildeen*, 59 B.R. at 406–07.

This narrow view of *Marathon* is confirmed by a recent decision of the Supreme Court wherein it stated:

> [*Marathon*] establishes only that Congress may not vest in a non-Article III court the power to adjudicate, render final judgment, and issue binding orders in a traditional contract action arising under state law, *without consent of the litigants*, and subject only to ordinary appellate review.

*Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S. 568, 105 S.Ct. 3325, 3334–35, 87 L.Ed.2d 409 (1985) (emphasis added).

In addition to these precedents, the fact that Article I courts have historically been able to conduct jury trials also compels a narrow reading of *Marathon*. In fact, non-Article III judges continue to exercise this power today. United States Magistrates, for example, may with consent of the parties and authorization from the district court "conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case ..." 28 U.S.C. § 636(c)(1) (1986). In view of this tradition, it is unlikely that the Supreme Court intended to prevent Article I judges from conducting any jury trials. This is especially true because a judge's duty in a jury trial is not significantly different from the traditional functions of a bankruptcy judge. *See River Transportation*, 35 B.R. at 560.

The Court is persuaded that this is the correct view of *Marathon*.[2] Therefore, the Court holds that Congress could, consistent with the Constitution, confer the power to

---

2. Other courts have concluded that the Supreme Court did not hold that jury trials in the bankruptcy courts are unconstitutional because, after *Marathon*, the Court promulgated the new Bankruptcy Rules of Procedure. *See, e.g., O.P.M. Leasing*, 48 B.R. at 829. As discussed below, these rules contemplate that bankruptcy courts will conduct jury trials.

conduct jury trials on the bankruptcy courts in cases where the parties consent.

2. *Are bankruptcy judges authorized by statute to conduct jury trials?*

■ Having determined that it is constitutionally permissible to vest the bankruptcy courts with the power to conduct jury trials, the Court must now decide whether they in fact have that power under current law. It is clear that there is no express statutory provision prohibiting bankruptcy courts from conducting jury trials. Beyond this, however, the statutes are even more confusing than *Marathon* itself.

A brief review of post-*Marathon* developments is necessary. When Congress failed to act prior to the effective date of the *Marathon* decision, the Judicial Conference promulgated the Emergency Rule of Reference. This Rule, which was adopted by the District of Nevada, prohibited bankruptcy judges from conducting jury trials. Emergency Rule (d)(1)(D).

On August 1, 1983, the Bankruptcy Rules of Procedure, as promulgated by the Supreme Court, became effective as law. These rules superceded the Emergency Rules. *In re Morrissey*, 717 F.2d 100, 104 (3rd Cir.1983). Therefore, it is significant that one of the few differences between the two sets of rules is that the prohibition of jury trials was not included in the Bankruptcy Rules. *See O.P.M. Leasing*, 48 B.R. at 829.

Finally, in July of 1984, Congress enacted the Bankruptcy Amendments and Federal Judgeship Act of 1984 (the "BAFJA") in response to the *Marathon* decision. The BAFJA divides the jurisdiction of the bankruptcy courts into "core" and "non-core" proceedings. 28 U.S.C. § 157 (1986). And, following the guidelines laid down in *Marathon,* under the statute bankruptcy judges may only enter final judgments in core proceedings unless the parties consent.

The only provision of the BAFJA which directly deals with jury trials in the bankruptcy court is 28 U.S.C. § 1411 (1986). It provides:

(a) Except as provided in subsection (b) of this section, this chapter and title 11 do not affect any right to trial by jury that an individual has under applicable nonbankruptcy law with regard to a personal injury or wrongful death tort claim.

(b) The district court may order the issues arising under section 303 of title 11 to be tried without a jury.

Section 157(b)(5) clarifies the meaning of this section as it requires that all personal injury and wrongful death claims be tried in the district court.

Under the Bankruptcy Reform Act of 1978 (the "1978 Act"), it was generally held that 28 U.S.C. § 1480(a) (1978) authorized jury trials in the bankruptcy courts. *See Gaildeen*, 59 B.R. at 404; *Brown*, 56 B.R. at 488. *See also Marathon*, 458 U.S. at 85, 102 S.Ct. at 2879. That section provided:

Except as provided in subsection (b) of this section, this chapter and title 11 do not affect any right to trial by jury, in a case under title 11 or in a proceeding arising under title 11 or arising in or related to a case under title 11, that is provided by statute in effect on September 30, 1979.

The status of section 1480(a) is unclear because the BAFJA did not include a general repealer of the provisions of the 1978 Act. Several courts have held, however, that section 1480(a) is no longer in effect. *See, e.g., In re Hendon Pools of Michigan, Inc.*, 57 B.R. 801, 802 (E.D.Mich.1986); *In re Chase & Sanborn Corp.*, 55 B.R. 538, 539 (Bankr.S.D.Fla.1985); *American Energy*, 50 B.R. at 180. In *American Energy*, for example, the court concluded that a comparison between the sections 1411 and 1480(a) strongly suggests "that a jury trial is no longer available in bankruptcy court except with respect to a personal injury or wrongful death claim." *Id.*

Clearly, the reasoning of *American Energy* is flawed in that section 157(b)(5) prohibits the bankruptcy court from conducting *any* trial involving these two classes of claims. Therefore, other courts have reached the opposite conclusion holding

that section 1411 does not expand or diminish the power of the bankruptcy courts to conduct a jury trial except in personal injury and wrongful death actions. Relying on statements made by a member of the Senate-House Conference Committee, these courts have found that section 1411 was intended to supplement, rather than limit, the right to trial by jury by making clear that the right exists in personal injury and wrongful death cases.[3] *In re Energy Resources Co., Inc.*, 49 B.R. 278, 281 and n. 2 (Bankr.D.Mass.1985); *Rodgers*, 48 B.R. at 686. *See also* Cong.Rec. at S8888 (June 29, 1984) (wherein Senator Thurmond explained section 1411: "[n]ew language on the issue of jury trials is included.").

Generally, the remarks of one senator are insufficient to establish legislative intent, *see Weinberger v. Rossi*, 456 U.S. 25, 35, 102 S.Ct. 1510, 1517, 71 L.Ed.2d 715 (1982), and statements made in floor debates are less authoritative than committee reports. *United States v. O'Brien*, 391 U.S. 367, 385, 88 S.Ct. 1673, 1683, 20 L.Ed.2d 672 (1968). *O'Brien*, however, expressly allows consideration of floor debates. *Id.* Moreover, Senator DeConcini's statement was not simply an "isolated remark ... ambiguous in meaning." *Rossi*, 456 U.S. at 35, 102 S.Ct. at 1517. Therefore, both statements are of some weight. Based on these remarks and the absence of any contrary statements in the legislative history, it appears Congress did not intend to eliminate the right to jury trials in bankruptcy courts.

The jurisdictional provisions of the BAFJA support this conclusion. If Congress wanted to prohibit jury trials, it could have adopted the restrictive provision of the Emergency Rules. Therefore, it is significant that the prohibition of jury trials was "one of the few provisions of the Emergency Rule which Congress did not see fit to enact." *In re Baldwin-United Corp.*, 48 B.R. 49, 56 (Bankr.S.D.Ohio 1985). Instead of including this prohibition, Congress vested the bankruptcy courts with broad jurisdiction:

> Each district court may provide that *any or all* cases under title 11 and *any or all* proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

28 U.S.C. § 157(a) (1986) (emphasis added).[4] Under section 157(b)(1) and (c)(2), bankruptcy judges may "hear and determine" all core matters and, with consent, all non-core matters referred to them subject to review as set forth in section 158. The only category of cases which a bankruptcy judge cannot "hear and determine" is personal injury and wrongful death tort claims. 28 U.S.C. § 157(b)(5).

Thus, section 157 does not distinguish between jury and bench trials and its "broad grant of jurisdiction would seem to include those cases in which a right to jury trial exists." *Gaildeen*, 59 B.R. at 406. *See also Macon Prestressed Concrete*, 46 B.R. at 730; *In re Gibbons Construction, Inc.*, 46 B.R. 193, 194 (E.D.Ky.1984). Several other courts have also concluded that section 157 authorizes bankruptcy judges to preside over jury trials, but held that this authority should not be exercised in non-core cases without consent of the parties. *In re Crabtree*, 55 B.R. 130, 133 (Bankr.E.D.Tenn.1985); *In re Arnold Print Works, Inc.*, 54 B.R. 562, 569 (Bankr. Mass.1985); *In re Northern Design, Inc.*, 53 B.R. 25, 27 (Bankr.Vt.1985).

Section 157, therefore, supports the conclusion that Congress did not intend to eliminate jury trials in the bankruptcy courts. Two courts, however, have found

---

**3.** These cases cited the following comments by Senator DeConcini:

> I believe there was no intent on the part of Congress to alter or modify the rights to jury trial that might have existed under the Reform Act ... There was no desire on the part of any of the conferees to limit the right to jury trial in other areas.

Statement of Sen. Dennis DeConcini, III ABI Newsletter No. 3, at p. 3 (Winter 1984/1985).

**4.** As noted early, Amended Special Order No. 50 does refer all such cases to the bankruptcy judges of this district.

sections 1411 and 157 do not provide for jury trials. *Brown*, 56 B.R. at 590; *American Energy*, 50 B.R. at 180–81. The holdings in these cases, however, were based on the courts' view that a contrary reading of the statute would be unconstitutional under *Marathon.* Therefore, their precedential value is greatly diminished.

The promulgation of the new Bankruptcy Rules of Procedure also provides guidance. As noted earlier, these Rules were promulgated by the Supreme Court and were allowed by Congress to become law without change well after *Marathon* and the Emergency Rules. Rather than restrict jury trials, however, these rules clearly contemplate that "the court" will conduct jury trials ("the court," means either the district court or the bankruptcy court. Rule 9001(2)). The most important of these rules are 9015 and 9027(i).

Rule 9015, in relevant part, provides:
(a) Trial by jury
Issues triable of right by jury shall, if timely demanded, be by jury, unless the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury.
(b) Demand
(3) Determination by court. On motion or on its own initiative the court may determine whether there is a right to trial by jury of the issues for which a jury trial is demanded or whether a demand for trial by jury in a proceeding on a contested petition shall be granted.
(e) Advisory jury and trial by consent
In all actions not triable of right by jury the court on motion or on its own initiative may try any issue with an advisory jury or, except in actions against the United States when a statute of the United States provides for trial without a jury, the court, with the consent of both parties, may order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right.
Thus, a bankruptcy judge has the same powers under Rule 9015 as a district court

judge. Moreover, pursuant to Rule 9027(i), a party may make a jury demand in matters removed to the bankruptcy court. These provisions clearly imply that a bankruptcy judge can proceed with a jury trial especially since, with the exception of personal injury and wrongful death actions, no provision requires removal of a proceeding to the district court.

Although these rules are merely procedural and do not create any substantive rights, several courts have held that at the very least they recognize that bankruptcy courts can conduct jury trials. *See, e.g., Gaildeen*, 59 B.R. at 404; *Macon Prestressed Concrete*, 46 B.R. at 730; *Proehl* 36 B.R. at 88 n. 6 (finding, therefore, that the rules are unconstitutional under *Marathon* ); *In re L.A. Clarke and Son, Inc.*, 51 B.R. 31, 32 n. 1 (Bankr.D.C.1985); *O.P.M. Leasing*, 48 B.R. at 830; *Rodgers*, 48 B.R. at 686; *In re Morse Electric, Co., Inc.*, 47 B.R. 234, 238 (Bankr.N.D.Inc.1985); *River Transportation*, 35 B.R. at 559. Therefore, the Court finds that the Bankruptcy Rules also weigh in favor of allowing jury trials.

Policy considerations also support this conclusion. Most importantly, bifurcating jury trials from other matters before the bankruptcy court would cause complex procedural questions and needless delay. *See River Transportation*, 35 B.R. at 560.

For the foregoing reasons, the Court concludes that where a right to jury trial exists, the bankruptcy court is both authorized and constitutionally permitted to conduct jury trials in core proceedings and, with consent of the parties, in non-core proceedings. This matter is therefore referred to the bankruptcy court for further proceedings.

IT IS, THEREFORE, HEREBY ORDERED that the bankruptcy court shall proceed in accordance with this order with the adjudication of this matter.