### In re KROH BROTHERS DEVELOPMENT CO., Debtor.

### KROH BROTHERS DEVELOPMENT CO., et al., Plaintiffs,

v.

### UNITED MISSOURI BANK OF KANSAS CITY, Defendant.

**Bankruptcy No. 89-W-346-6.**

**Adv. No. 89-4035-1-11.**

United States District Court, W.D. Missouri, W.D.

Dec. 5, 1989.

R. Pete Smith, McDowell, Rice & Smith, Thomas W. Franklin, Polsinelli, White, Vardeman, Kansas City, Mo., for plaintiffs.

Thomas E. Deacy and Gary M. Cupples, Deacy & Deacy, Peter M. Granat, United Missouri Bank of Kansas City, James F. Duncan, Watson, Ess, Marshall, Kansas City, Mo., for defendant.

### MEMORANDUM AND ORDER

SACHS, District Judge.

As stated in this court's memorandum to counsel filed September 29, 1989, there is pending before the court defendant's motion to withdraw this proceeding from the bankruptcy court and to schedule it for trial to a jury. The jury trial request, and the ensuing motion, were filed as a result of the Supreme Court's ruling last Term in *Granfinanciera, S.A. v. Nordberg,* —— U.S. ——, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). Ruling here was deferred for reasons stated in the memorandum, but reported developments before Bankruptcy Judge See last week suggest that a very prompt ruling is now desirable.

The proceeding in bankruptcy was brought by plaintiffs to recover allegedly preferential monetary transfers to defendant bank. It was characterized as a "core proceeding" in bankruptcy, under 28 U.S.C. § 157(b)(2)(F). Defendant bank does not challenge the characterization. It is clear

beyond cavil that Congress intended that core proceedings be resolved, subject to review, in bankruptcy court. Withdrawal of the case from that court could only be justified if the bankruptcy court suffers a disability insofar as trial of jury cases is concerned.

■ Not many years ago, Congress expressly provided for jury trials in bankruptcy court. Serious questions as to the constitutional authority of bankruptcy judges to conduct jury trials have, however, been much mooted since the Supreme Court decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Statutes and court rules have been modified during what must be characterized as a period of jurisdictional turmoil, now reinvigorated by *Granfinanciera*. The court finds, however, that there are two recent district court decisions that carefully canvass the applicable law and convincingly conclude that in core proceedings the bankruptcy courts retain both statutory and constitutional authority to conduct jury trials. *In re McCormick*, 67 B.R. 838 (D.Nev.1986); *Dailey v. First Peoples Bank*, 76 B.R. 963, 967–68 (D.N.J.1987). I find no persuasive authority to the contrary, although it is frequently noted that serious questions exist, and it has been held that in non-core proceedings, because *de novo* review is necessary, jury trials in bankruptcy court are probably forbidden by the Seventh Amendment. *In re American Community Services, Inc.*, 86 B.R. 681 (D. Utah 1988).

■ Defendant relies on the repeal of Bankruptcy Rule 9015 in August 1987 as an indicator that bankruptcy courts were thereafter disabled from conducting jury trials. *Dailey* had already observed, however, that the rule could not confer authority not previously granted by Congress. 76 B.R. at 967. Abrogation of the rule was said to have been motivated by a desire to avoid its misuse as authority for claiming a right to a jury trial in core proceedings. *American Community Services, supra*, 86 B.R. at 688 n. 13. *Granfinanciera*'s rec-

ognition of a constitutional right to a jury serves to correct any misunderstanding on that point. If former Bankruptcy Rule 9015 is to be given current significance, it would suggest the Supreme Court's acknowledgement that *Northern Pipeline* did not present a constitutional impediment to jury trials in bankruptcy court. I place little weight on that inference, however, or on the contrary inference that the repeal was intended by the Supreme Court to deprive bankruptcy courts of all authority to conduct jury trials. The views of the Supreme Court on that subject were expressly reserved in *Granfinanciera* (109 S.Ct. at 2802), and the earlier administrative actions of the Court should not be overloaded with suppositions that the Court had explored and resolved all imaginable legal questions arising under such actions.[1]

There is considerable urgency in a prompt ruling in this case. The bankruptcy court has very recently scheduled trial for the week of January 8, 1990. If this court were to assume jurisdiction, it would not be feasible to reschedule other trials to accommodate a two-week jury case until considerably later next year. Because the jury trial questions are novel and important, it is possible that one of the parties may seek extraordinary relief from the Court of Appeals between now and January 8, and any delay in the beginning of the trial in bankruptcy court would be unfortunate. This court's time to formulate an opinion is therefore very limited, and in any event the court doubts that it could materially improve on what was said in *McCormick* and *Dailey*.

There is no serious doubt that the bankruptcy court, like the magistrate court, is not precluded by Article I status from conducting jury trials with the consent of the parties. Thus, there is nothing inherently inappropriate to the duties of the office for a bankruptcy judge to preside at a jury trial. The court is aware that experimentation by use of a magistrate to empanel a jury in a felony criminal case has been disapproved by the Supreme Court as a matter of statutory construction. *Gomez*

---

1. There is probably more reason to suppose that Congressional awareness of Rule 9015 when it enacted the current bankruptcy legislation is a further indication of Congressional approval of jury trials conducted by bankruptcy judges.

*v. United States*, —— U.S. ——, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989). Certain practices in criminal cases, like the use of twelve person juries, are given constitutional protection that is not extended to civil cases. In the present context, congressional intent firmly favors use of the bankruptcy court to try core cases like the present one, and any congressional hesitancy and backtracking in expressly authorizing jury trials there must be attributed to doubts raised by *Northern Pipeline*. I do not draw a lesson from that case or from *Granfinanciera* or *Gomez* that precludes jury trials in bankruptcy court, at least in · core proceedings.[2] I have therefore decided to follow *McCormick* and *Dailey*, to leave the case where it is, and to take no action to impede Judge See's use of a jury trial.[3]

Defendant's motion for withdrawal of adversary proceeding from bankruptcy court is therefore DENIED.

APPENDIX

ADMINISTRATIVE OFFICE OF THE

UNITED STATES COURTS

WASHINGTON, D.C. 20544

August 22, 1989

MEMORANDUM TO ALL: JUDGES, UNITED STATES DISTRICT COURTS JUDGES, UNITED STATES BANKRUPTCY COURTS CLERKS, UNITED STATES DISTRICT COURTS CLERKS, UNITED STATES BANKRUPTCY COURTS

SUBJECT: Jury Trials in Bankruptcy Cases

2. It will be acknowledged that a bankruptcy court trial. by jury of a core proceeding has some implications arguably contrary to the constitutional mandate that "the judicial power" of the United States be vested in Article III judges. It is my view, however, that the proliferation of magistrate court activity poses considerably more of a "threat" to the constitutional mandate than the development of Article I courts having specialized jurisdiction which might have never been conferred on federal trial judges having general jurisdiction. While *Northern Pipeline*

On June 23, 1989, the United States Supreme Court held that a person who has not filed a claim in a bankruptcy case has a right to a jury trial when sued by the bankruptcy trustee to recover an allegedly fraudulent conveyance. *Granfinanciera, S.A., v. Nordberg, Creditor Trustee for the Estate of Chase & Sanborn Corp.*, —— U.S. ——, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). The Court concluded that an action to recover a fraudulent conveyance is an action at law and that the Seventh Amendment establishes the right to a jury trial for the person against whom such an action is brought.

The Supreme Court found a right to a jury trial notwithstanding Congress' designation of fraudulent conveyance actions as "core proceedings" in 28 U.S.C. § 157(b)(2)(H). Although 28 U.S.C. § 157(b)(1) permits bankruptcy judges to enter final judgments in core matters, the Court specifically avoided deciding whether 28 U.S.C. § 1411 permits bankruptcy judges to conduct jury trials in fraudulent conveyance cases. Section 1411 is the only explicit statutory reference to jury trials in bankruptcy cases.

The Court also expressed no view as to whether the Seventh Amendment or Article III allow jury trials in such actions to be held before a non-Article III bankruptcy judge who is subject to the oversight provided by the district court pursuant to the 1984 amendments to title 28 of the United States Code. The Court expressly left these issues for future decisions.

There is a difference of opinion among judges concerning the authority of bankruptcy judges to conduct jury trials. The

may of course be expanded to riddle and bifurcate even core proceedings in bankruptcy, in light of the jury trial rights recognized in *Granfinanciera*, I will not act on the assumption that such a result is constitutionally inevitable.

3. The parties will note the attached suggestions made by Director Mecham of the Administrative Office for the conduct of jury trials in bankruptcy court.

question is an issue for judicial determination.

The Administrative Office has received a number of inquiries on procedures a bankruptcy judge should follow if the judge receives a request for a jury trial. Because title 28 and the *Granfinanciera* opinion do not address many of these procedural issues, the matter will be considered by the Judicial Conference Committee on the Administration of the Bankruptcy System and the Advisory Committee on Bankruptcy Rules.

In the absence of other direction, the General Counsel suggests that, to the extent bankruptcy judges come to conduct jury trials, they should rely on the procedures employed by the district courts under the Jury Selection and Service Act of 1968, as amended, 28 U.S.C. §§ 1861–1878. The act provides for the selection, summoning, and administration of jury panels by the United States district courts and the Court of International Trade.

While the Jury Act does not contain any specific provisions for bankruptcy courts, it does govern juror selection "in the district courts of the United States," 28 U.S.C. § 1861. Pursuant to section 151 of title 28, the bankruptcy judges in each judicial district are judicial officers of the district court and constitute a unit of the district court.

The Judiciary faced a similar situation in 1979, when the enactment of the Bankruptcy Code was expected to increase the number of jury trials before bankruptcy judges. At its meeting in March 1979, the Judicial Conference directed the bankruptcy courts to adhere to the jury selection provisions of the Jury Act. Conf.Rpt., pp. 43–44. The Conference adopted the following four-point policy:

All United States courts conducting jury trials shall adhere to the provisions of the Jury Act.

The district court's jury plan shall be deemed to govern jury selection in the bankruptcy court.

Upon request, the clerk of the district court shall supply a sufficient number of jurors to the bankruptcy court for its scheduled jury trials. (Jurors may continue to be utilized by the district court if not selected or when not serving in the bankruptcy court.)

The bankruptcy clerk shall cooperate with the district clerk in the implementation of efficient and economical juror utilization techniques.

Conducting jury trials on bankruptcy matters requires procedures in addition to those set out in the Jury Act. Until the Bankruptcy Committee and the Bankruptcy Rules Committee can review the matter, it is the view of the Administrative Office that former Bankruptcy Rule 9015 and the 1987 advisory committee note which accompanied the abrogation of the rule provide useful guidance for the development of procedures for jury trials on bankruptcy matters.

Former Rule 9015 provided for the form and time of a demand for a jury trial. It also provided for the judicial officer before whom a case or proceeding is pending to determine whether there is a right to a jury trial on the issues on which it has been demanded, and whether a jury trial should be granted. The former rule incorporated Federal Rules of Civil Procedure 47–51, which include provisions for the examination of prospective jurors, instructions to the jury, and motions for directed verdicts and judgments notwithstanding the verdict.

The 1987 advisory committee note states that former Rule 9015 was abrogated to make it clear that the rule did not confer a right to a jury trial before a bankruptcy judge. The note continues: "In the event the courts of appeals or the Supreme Court define the right to a jury trial in any bankruptcy matters, a local rule in substantially the form of Rule 9015 can be adopted pending amendment of these rules." Bankruptcy Rule 9015 advisory committee's note (1987).

Because of the limited space in many bankruptcy courtrooms, the court may wish to include a provision for trials by six-person juries. The majority of district courts have such rules for civil trials.

If a judicial determination is made that a bankruptcy judge may conduct a jury trial, the court should utilize jurors summoned by the district court. This procedure appears to be in accord with the Jury Act and the nature of the bankruptcy court as a unit of the district court. Such a procedure also would promote judicial efficiency because the district court has personnel, facilities, and procedures available for selecting jurors.

The district clerk should be able to assist the bankruptcy clerk with accommodations for jury trials. Some bankruptcy courtrooms presently have jury boxes or space to seat a six-person jury. If the bankruptcy court does not have a courtroom suitable for a jury trial, the district clerk may be able to arrange the use of a district judge's courtroom, a magistrate's courtroom, or some other suitable space for the jury trial.

The mechanics of adapting a district court's selection procedures to a jury trial before the bankruptcy judge will vary from court to court, but I urge that the bankruptcy court rely on personnel and facilities available in the district court to the maximum extent possible.

As an example of how to proceed, the bankruptcy court could coordinate with the district court the scheduling of jury trials and the number of jurors called. The district court could then summon a sufficient number of jurors for both courts.

After a general orientation in the district court, a number of jurors could be sent to the bankruptcy courtroom for more specific orientation and instructions, selection, and service. Jurors who are not selected could return to the district court's juror lounge either to report to another courtroom or to be dismissed for the day. In the interest of efficiency, the district court also could take responsibility for paying the attendance fees and travel allowances of the bankruptcy court's jurors in the same manner as is done for the district court's jurors.

If a bankruptcy court comes to conduct jury trials with some frequency, it may be desirable for the district court to amend its jury selection plan to reflect more formally the services provided to the bankruptcy court. As an interim measure, however, a local rule along the lines suggested appears sufficient.

## SUMMARY

In conclusion, the Supreme Court has determined that a person who has not filed a claim in a bankruptcy case has a right to a jury trial when sued by the bankruptcy trustee to recover an allegedly fraudulent conveyance. The question of whether a bankruptcy judge can conduct the jury trial is a matter for judicial determination.

If it is judicially determined that a jury trial may be held before a bankruptcy judge, the court may rely on the procedures employed by the district courts under the Jury Act. Additional procedures can be developed and implemented by means of a local bankruptcy rule patterned on former Bankruptcy Rule 9015. Cooperation between the district court and the bankruptcy court, as a unit of the district court, is essential to facilitate jury trials before bankruptcy judges and promote judicial efficiency.

/s/L. Ralph Mecham
L. Ralph Mecham