**In re CINEMATRONICS, INCORPORATED, a California corporation, Debtor.**

**Harold S. TAXEL, Trustee, Plaintiff,**

v.

**ELECTRONIC SPORTS RESEARCH, E & E Industries, Inc., and the Circuit Court of Cook County, Illinois, Defendants.**

**James Pierce, Third Party Defendant.**

Nos. 89–55296, 89–55297.
Civ. No. 88–0055–R.
Bankruptcy No. 82–4012–H11.
Adv. No. C85–0958–H11.

United States District Court,
S.D. California.

March 14, 1990.

**5.** The trustee's third party claim against Colton was dismissed by order of this court.

California, the Honorable John S. Rhoades, presiding. After considering the parties' papers and oral arguments, and after researching the relevant law, this court ruled that third party defendant James Pierce's motion to withdraw reference was DE-NIED, and that his motion for interlocutory appeal was GRANTED in an order entered February 21, 1989, and supplemented by an order filed on March 2, 1989. The order entered February 21, 1989 incorporated by reference this court's oral ruling made in court on February 13, 1989. This written memorandum of decision supplements that oral ruling and reflects an amplification and clarification of the issues involved by subsequent decisions made after the oral ruling.

In bankruptcy proceedings before Bankruptcy Judge John Hargrove, a third party complaint was filed against James Pierce, and Pierce demanded a jury trial on the third party complaint. In an order dated May 19, 1987, Judge Hargrove ruled that the substance of the third party complaint against Pierce was a core matter within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (B), and then further found that Pierce had a right to a jury trial on the third party complaint. The parties stipulated to withdraw the reference to the bankruptcy court and to try the third party complaint in the district court, but the district court refused to withdraw the reference in its February 13, 1989 ruling. The issues of whether or not Judge Hargrove erred in finding that the third party complaint was a core matter and that Pierce was entitled to a jury trial were not before the district court on appeal; instead, the very narrow issue decided was whether or not a bankruptcy court could hold a jury trial in a core matter.[1] TR at 12.

Kevin J. Hoyt, Joel C. Estes, Robert.A. Hessling, Estes & Hoyt, Richard H. Zaitlen, John Land, Craig H. Johnson, Vincent J. Belusko, Spensley, Horn, Jubas & Lubitz, San Diego, Cal., for Trustee Harold Taxell.

Timothy D. Kelly, Rancho Santa Fe, Cal., for appellant-petitioner James Pierce.

Philip J. Giacinti, Gerald P. Kennedy, Procopio, Cory, Hargraves and Savitch, San Diego, Cal., for defendants Electronic Sports Research, Southwest Drilling Services, Inc. and Ronald Colton.

## FURTHER SUPPLEMENTAL MEMORANDUM DECISION

RHOADES, District Judge.

This matter came on for a hearing on February 13, 1989, in the United States District Court for the Southern District of

1. Historically, parties have not been entitled to jury trials in bankruptcy courts on equitable matters. Gibson, *Jury Trials in Bankruptcy*, 72 Minn.L.Rev. at 997. Under the Bankruptcy Amendments and Federal Judgeship Act of 1984, core matters as defined in 28 U.S.C. § 157 may be either equitable or legal matters. *Id.* at 1007–1011 and at 1025–1027. Since Bankruptcy Judge Hargrove found that the third amended complaint here is a core matter upon which third party defendant Pierce has a right to a jury trial, we must assume that the third amended complaint concerns only legal matters. *See id.; see also* third party claims of Electronic Sports Research against James Pierce in *Second Amended Counterclaims and Third–Party Claims, Appellant's Designation of Record on Appeal,* Docket Control No. 175. Therefore, the question here is not whether there is a right to a jury trial under the Seventh Amendment in both equitable and legal core matters; instead, the sole question on appeal was whether a bankruptcy judge has the power to conduct a jury

" '[T]he right to a jury trial in bankruptcy matters is not very clear.' " Cyr, *The Right to Trial by Jury in Bankruptcy: Which Judge is to Preside?*, 63 Am.Bankr. L.J. 53, 53 (1989) (quotation omitted). Conflicting lines of authority have thus emerged on this issue. 3 L. King, R. Babbit, A. Herzog, R. Levin, Collier on Bankruptcy ¶ 3.01 [7][6][i] (15th ed. 1988).

"One line of authority holds that bankruptcy judges possess no authority to conduct jury trials and that a district judge therefore must try any bankruptcy matter in which a jury trial is properly demanded." Gibson, *Jury Trials in Bankruptcy:* 72 Minn.L.Rev. at 1028–29. The two primary arguments used by cases which follow this line of reasoning are that article III of the United States Constitution would be violated if non-article III bankruptcy judges conducted jury trials, and that there is no broad express statutory authorization for bankruptcy judges to hold jury trials. *Id.* at 1029.

The argument that article III of the United States Constitution would be violated if non-article III bankruptcy judges conducted jury trials is based on dictum in *Northern Pipeline Construction v. Marathon Pipe Line*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). There, the United States Supreme Court noted that the Bankruptcy Reform Act of 1978 vested all essential attributes of the United States judicial power in the " 'adjunct' " bankruptcy court. *Id.* at 84–85, 102 S.Ct. at 2878–2879. As examples, the Court pointed to the power to preside over jury trials, the power to issue declaratory judgments, the power to issue writs of habeas corpus, and the power to issue any order, process or judgment needed to enforce Title 11. *Id.* at 85, 102 S.Ct. at 2879. The Court then concluded that "[s]uch a grant of jurisdiction cannot be sustained as an exercise of Congress' power to create adjuncts to Art. III courts." *Id.* at 87, 102 S.Ct. at 2880.

Some courts therefore found it "[i]mplicit in the *Northern Pipeline* decision ... that it would be an unconstitutional delegation to permit a bankruptcy judge to preside trial on a core matter concerning only legal

over a jury trial." *Terry v. Proehl (In re Proehl)*, 36 B.R. 86, 87 (W.D.Va.1984); *see also Hoffman v. Brown (In re Brown)*, 56 B.R. 487, 488 (Bankr.D.Md.1985) ("The Bankruptcy Reform Act of 1978, ... which expressly authorized bankruptcy courts to conduct jury trials ..., was declared invalid as an unconstitutional delegation of Article III powers to an Article I court...."). Another court found that it was "quite clear" that *Northern Pipeline* forbade bankruptcy courts, as adjunct article I courts, from holding jury trials. *Cameron v. Anderson (In re American Energy)*, 50 B.R. 175, 181 (Bankr.D.N.D.1985).

The argument that there is no statutory authorization for bankruptcy judges to hold jury trials is based on 28 U.S.C. § 1411, which states that:

(a) Except as provided in subsection (b) of this section, this chapter and title 11 do not affect any right to trial by jury that an individual has under applicable nonbankruptcy law with regard to a personal injury or wrongful death tort claim.

(b) The district court may order the issues arising under section 3003 of title 11 to be tried without a jury.

The Eleventh Circuit in *Nordberg v. Granfinanciera (In re Chase & Sanborn)* noted that "[s]ection 1411 affords jury trials only in personal injury or wrongful death suits." 835 F.2d 1341, 1348 (11th Cir.1988), *cert. granted*, 486 U.S. 1054, 108 S.Ct. 2818, 100 L.Ed.2d 920 (1988).

On June 23, 1989, the United States Supreme Court decided the case of *Granfinanciera, S.A., et al. v. Nordberg, Creditor Trustee for the Estate of Chase & Sanborn Corp., FKA General Coffee Corp.*, —— U.S. ——, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989).

In the present case, this court decided only the very narrow issue of whether or not a bankruptcy court could hold a jury trial in a core matter. In *Granfinanciera*, the Supreme Court held that a person who has not submitted a claim against a bankruptcy estate is entitled to a jury trial issues.

under the Seventh Amendment when sued by the bankruptcy trustee to recover an allegedly fraudulent monetary transfer. In so holding, the Court stated that:

> We do not decide today whether the current jury trial provision—28 U.S.C. § 1411 (1982 ed., Supp. IV)—permits bankruptcy courts to conduct jury trials in fraudulent conveyance actions.... Nor do we express any view as to whether the Seventh Amendment or Article III allows jury trials in such actions to be held before non-Article III bankruptcy judges subject to the oversight provided by the district courts pursuant to the 1984 Amendments. We leave those issues for future decisions. (Emphasis added.)

Id. 109 S.Ct. at 2802.

In Jefferson National Bank v. I.A. Durbin (In re I.A. Durbin), 62 B.R. 139, 146 (S.D. Fla.1986), the court noted that, even within the limited statutory framework for jury trials provided in § 1411, "the district court, not the bankruptcy court, would conduct the jury trial according to 28 U.S.C. § 157(b)(5)." In Hoffman, the bankruptcy court ruled that "in light of the absence of express statutory authorization ..., this Court concludes that it is powerless to conduct jury trials." 56 B.R. at 490.

However, "[a] majority of courts disagree with the view that bankruptcy judges lack authority to conduct jury trials...." Gibson, Jury Trials in Bankruptcy, 72 Minn.L.Rev. at 1029. There are also a number of reasons supporting this result.

First, the argument that article III of the U.S. Constitution, after Northern Pipeline, forbids bankruptcy courts from conducting jury trials assumes too much. In the Northern Pipeline dictum cited earlier in this decision, "the Court did not hold that allowing bankruptcy courts to conduct jury trials, in and of itself, is unconstitutional, but rather found that all of the powers exercised by the bankruptcy court, taken together, constituted an impermissible delegation of judicial power." McCormick v. American Investors Management (In re McCormick), 67 B.R. 838, 840 (D.Nev.

1986). Indeed, "none of the opinions in Marathon state that bankruptcy courts cannot conduct jury trials." Id. Instead, "the Court's primary concern was that non-Article III bankruptcy judges were exercising the full range of article III powers while adjudicating traditional state common law actions." Id. It is therefore impossible to conclude that article III forbids bankruptcy courts from only exercising the power to hold jury trials in core bankruptcy matters based on the vague dictum of Northern Pipeline.

The argument that bankruptcy courts cannot conduct jury trials because there is no express statutory authorization for them to do so is also flawed. After Northern Pipeline, when Congress failed to immediately resolve the crisis in the federal bankruptcy system, "the Judicial Conference promulgated an Emergency Rule of Reference ... which ... prohibited bankruptcy judges from conducting jury trials." Id. at 841 (citing Emergency Rule (d)(1)(D)). The Judicial Conference perhaps felt that 28 U.S.C. § 1480(a), the provision of the Bankruptcy Reform Act of 1978 that authorized jury trials in the bankruptcy courts, would not be reenacted when Congress eventually did solve the bankruptcy crisis.

However, the Bankruptcy Amendments and Federal Judgeship Act of 1984 "did not include a general repealer of the provisions of the 1978 Act." Id. at 841. Instead, all that Congress did was decide that parties are entitled to jury trials in personal injury and wrongful death actions, 28 U.S.C. § 1411, and that those actions must be tried in district courts. 28 U.S.C. § 157(b)(5). Instead of including Emergency Rule (d)(1)(D)'s ban on jury trials in bankruptcy courts in the 1984 Act, Congress granted broad discretion to bankruptcy courts to "hear and determine" all core matters and, with consent, non-core matters referred to them by the district courts. 28 U.S.C. §§ 157(b)(1) and (c)(2). Therefore, the applicable statutes reveal only that Congress intended to keep bankruptcy courts from trying wrongful death and personal injury cases, and did not intend to

ban all jury trials in bankruptcy courts, at least in "core" matters. Statements made by senators involved in drafting the 1984 Act support this conclusion. *McCormick,* 67 B.R. at 842.

Other authority provides further support for bankruptcy judges performing jury trials. In *Blackman v. Seton (In re Blackman),* 55 B.R. 437, 440 (Bankr. D.D.C. 1985), another court noted that 28 U.S.C. § 1411 did not codify Emergency Rule (d)(1)(D)'s prohibition on jury trials in bankruptcy courts. Instead the court noted that § 1411 "specifically advert[ed] to the right to trial by jury without in any way indicating that the bankruptcy court unit of the district court is prohibited from conducting jury trials." *Id.* This court thus found that § 1411 itself supports the notion that bankruptcy courts may conduct jury trials.

28 U.S.C. § 157 also sanctions jury trials in bankruptcy courts. *Macon Prestressed Concrete v. Duke,* 46 B.R. 727, 730 (M.D. Ga.1985). Section 157(a) gives district courts the authority to transfer "all proceedings ... related to a case under title 11" to bankruptcy judges, *id.,* and when the proceedings transferred are core proceedings within the meaning of § 157(b)(2), the bankruptcy court may enter a binding judgment on the jury's verdict under § 157(b)(1), which is appealable only under the terms of 28 U.S.C. § 158. *Id.* Thus, at least as far as core proceedings are concerned, § 157 "vests the bankruptcy court with the same authority to conduct a jury trial as exists in [a district] court." *Id.*

One year after its decision in *Northern Pipeline,* the Supreme Court adopted the since repealed Bankruptcy Rule 9015, which allowed jury trials in bankruptcy court. *Walsh v. Long Beach Honda (In re Gaildeen Industries),* 59 B.R. 402, 407 (N.D. Cal.1986). "Surely had the Court meant to preclude bankruptcy judges from conducting jury trials, it would not have adopted the Rule." *Id.* True, Rule 9015 has been repealed, but the advisory note commenting on its repeal left open the question of whether or not bankruptcy courts may conduct jury trials. Courts

have therefore continued to hold that they can. *Price–Watson v. Amex Steel (In re Price–Watson),* 66 B.R. 144 (Bankr. S.D. Tex.1987).

Lastly, the decision of the United States Court of Appeals for the Second Circuit in *In re Ben Cooper, Inc.,* 896 F.2d 1394 (2nd Cir., 1990), held that the bankruptcy court may conduct jury trials in core proceedings and conducting jury trials in core proceedings does not run afoul of Article III or the Seventh Amendment.

For the foregoing reasons, I agree with the majority of courts and hold that it is appropriate for bankruptcy judges to hold jury trials in core matters. I do not reach the issue of whether jury jury trials in bankruptcy courts are permitted in noncore proceedings, since that problem is not now before this court. The motion to withdraw reference as to the third party complaint against James Pierce, which has already been found to be a core proceeding, is therefore DENIED.

IT IS SO ORDERED.